**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3805-15T1

D.M.,

    Plaintiff-Respondent,

v.

K.M.,

    Defendant-Appellant.
_____

        Submitted October 24, 2017 — Decided November 9, 2017

        Before Judges Reisner and Hoffman.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Family Part, Cape May
        County, Docket No. FM-05-0045-09.

        K.M., appellant pro se.

        Hankin, Sandman, Palladino & Weintrob, PC,
        attorneys for respondent (Amy R. Weintrob, on
        the brief).

PER CURIAM

    Defendant appeals from the February 23, 2016 Family Part

order denying reconsideration of the court's October 8, 2014 and

December 16, 2014 orders.[1]  The October 8, 2014 order dismissed the remand of defendant's motion seeking college contribution from plaintiff.  The December 16, 2014 order granted plaintiff the tax exemption for both children and terminated child support retroactively to May 2, 2014.  We affirm.

In December 2010, plaintiff and defendant divorced after seventeen years of marriage.  They have two children, a daughter born in 1992 and a son born in 1996.  The parties signed a property settlement agreement (PSA), which the court incorporated into their final judgment of divorce.  The PSA provided the parties would address the issue of contribution toward college expenses at the time their children entered college, based on the factors set forth in Newburgh v. Arrigo, 88 N.J. 529 (1982).  The PSA also

---

[1] While defendant's notice of appeal lists all three orders, only the February 23, 2016 order denying reconsideration properly appears before us.  Defendant filed her notice of appeal and motion for leave to appeal out of time on May 9, 2016 seeking to appeal all three orders.  Ninety-two days expired between the October 8, 2014 order and defendant's motion for reconsideration.  Twenty-three days expired between the December 16, 2014 order and defendant's motion for reconsideration. The time for appeal tolled while the reconsideration motion remained pending.  The trial court dismissed the reconsideration motion on February 23, 2016, but defendant did not file her notice of appeal until May 9, 2016 — seventy-five days later.  We granted defendant's leave to appeal out of time for the February 23, 2016 order only.  Thus, defendant failed to timely appeal from the October 8, 2014 and December 16, 2014 orders.  See R. 2:4-1; see also R. 2:4-3; see also R. 2:4-4(a).  Accordingly, we limit our review to the February 23, 2016 order denying reconsideration.

required plaintiff to pay $100 per week in child support and allowed each party to claim a tax exemption for one child.

Plaintiff owned several businesses during the marriage. Defendant alleges plaintiff issued the parties' children payroll checks from one of his businesses and deposited that money into a college fund for the children. Defendant further alleges plaintiff actually used the college fund containing the children's money rather than his own money to pay the college expenses.

When the parties' daughter started college, defendant paid the first three semesters, then filed a motion requesting reimbursement from plaintiff and contribution for future college expenses. The trial court dismissed this motion and defendant appealed. On appeal, we found the trial court improperly denied college contribution based solely on the fact that defendant requested reimbursement after she paid the expenses. D.M. v. K.M., No. A-3301-12 (App. Div. May 23, 2014) (slip op. at 8). We therefore reversed and remanded to the trial court to perform a full Newburgh analysis. Ibid.

On remand, the trial court dismissed defendant's motion after she refused to testify at a plenary hearing scheduled to gather evidence relating to the Newburgh factors. In addition, the trial court ordered the termination of child support and granted plaintiff the right to claim the tax exemptions for both children

after plaintiff agreed to pay all college expenses for both children.

On this appeal, defendant argues the trial court erred in considering the children's money from the college fund as plaintiff's contribution, and therefore erred in terminating child support and granting plaintiff the tax exemptions for both children.

When a trial court denies a party's motion for reconsideration, we overturn the denial only in the event the trial court abused its discretion. Marinelli v. Mitts & Merrill, 303 N.J. Super. 61, 77 (App. Div. 1997) (citing Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996)). In determining whether such an abuse has taken place, a reviewing court should be mindful that a party should not utilize reconsideration just because of "dissatisfaction with a decision of the [c]ourt." Capital Fin. Co. of Delaware Valley v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div.) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)), certif. denied, 195 N.J. 521 (2008).

Courts should only grant reconsideration when "either (1) the Court has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence." Fusco v. Bd. of Educ. of Newark,

349 <u>N.J. Super.</u> 455, 462 (App. Div.) (quoting <u>D'Atria</u>, <u>supra</u>, 242 <u>N.J. Super.</u> at 401), <u>certif. denied</u>, 174 <u>N.J.</u> 544 (2002); <u>see also</u> <u>R.</u> 4:49-2. Trial courts should grant motions for reconsideration "only under very narrow circumstances." <u>Ibid.</u>

The trial court dismissed the motion for reconsideration because defendant filed the motion at least one day late, even accepting defendant's contention that she did not receive the underlying orders until December 18, 2014. The court also noted defendant failed to identify any information that the court failed to consider in its original decision.

We agree with the trial court's conclusion that defendant filed her motion for reconsideration late. <u>See</u> <u>R.</u> 4:49-2. In addition, even if the trial court had decided the motion on the merits, we conclude the ultimate outcome would have been the same, as defendant failed to present any valid basis for the trial court to grant reconsideration in her favor.

Before us, defendant argues the trial court "made an egregious error . . . by ruling the payroll [checks] issued to the parties' daughter belonged to the [p]laintiff." Defendant alleges plaintiff deposited the children's payroll checks into a college fund in his name, and therefore the college fund belongs to the children rather than plaintiff. However, the record indicates the

parties settled this issue as part of the PSA, which distributed the college fund to plaintiff.

The trial court denies taking any position on the payroll checks issued to the children during a September 30, 2014 hearing. The trial court scheduled the September 30, 2014 hearing to allow the parties to present evidence regarding their respective contributions, the children's contributions, and the other Newburgh factors. However, when defendant refused to testify at that hearing, she deprived the court of the ability to garner the evidence necessary to determine the Newburgh factors, and then address the issue of contribution for college expenses. As a result, the trial court dismissed defendant's motion.

Defendant further argues the trial court based its decision to terminate child support and grant plaintiff the tax exemptions for both children on the determination that the college fund belonged to plaintiff. However, we note the trial court's December 16, 2014 order terminating child support and granting plaintiff the tax exemptions for both children explicitly references plaintiff's agreement to pay the remainder of his daughter's college expenses.

Plaintiff argues the PSA distributed the college fund to him, therefore the parties decided the issue of who owned the college fund in 2010 when the parties divorced. We agree. While the PSA

does not specifically address the college fund by name, it does state that each party shall "retain his or her own personal bank accounts . . . as their respective separate property." It also states any asset not specifically set forth in the agreement shall remain the property of that party.

Defendant asserts the college fund was not a marital asset that could have been distributed in the PSA. However, defendant identifies account 33-xxxxxx-7 as the college fund, and an equitable distribution summary she provided includes that account number. The summary states each party was entitled to half of the $42,230 in account 33-xxxxxx-7, and distributed the entire account to plaintiff. The record clearly demonstrates the parties previously decided the issue of ownership of the college fund as part of their divorce seven years ago.

In addition, defendant argues the trial court failed to consider the tax issues regarding the children's college fund and payroll checks. However, in addressing the motion for reconsideration, the trial judge specifically instructed plaintiff to submit evidence that defendant knew of the tax issues prior to the September 30, 2014 hearing and allowed defendant to respond. After reviewing these submissions, the judge determined this was not a new issue as the court previously considered it; therefore, reconsideration was inappropriate on this basis.

Defendant failed to show the trial court committed an egregious error or that the trial court failed to consider material evidence. We conclude the trial court did not abuse its discretion in denying reconsideration.

Affirm.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION