**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4980-16T4

BERNARD HAMILTON,

     Plaintiff-Appellant,

v.

DONNA HAMILTON,

     Defendant-Respondent.

_____

Argued September 6, 2018 – Decided January 22, 2019

Before Judges Rothstadt and DeAlmeida.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FM-07-1994-07.

Luretha M. Stribling argued the cause for appellant.

Respondent has not filed a brief.

The opinion of the court was delivered by

DeALMEIDA, J.A.D.

Plaintiff Bernard Hamilton appeals from a June 9, 2017 order of the Family Part denying his motion for reconsideration of the court's March 22, 2017 order requiring him to pay sixty percent of his child's college expenses in this post-judgment matrimonial action. We affirm.

I.

We derive the following facts from the record. Bernard and Donna[1] were married on May 17, 1992, and divorced on March 17, 2008. One daughter, A.H., was born of the marriage. The March 17, 2008 final judgment of divorce (FJOD) incorporated the property settlement agreement (PSA) reached by the parties. In the PSA, the parties stipulated as follows:

> It is the intention of the parties that the minor child attend college or other post-high school education institution. The parties agree that the child shall be responsible for applying for financial aid, including but not limited to, student loans, grants, work-study and scholarships. Once all financial aid has been exhausted, the parties shall divide the costs of college based on their incomes when the child attends college.

> The parties further agree that when the child is ready to start applying to colleges [t]hat they shall confer with one another to discuss their respective financial abilities at the time with regards to college.

---

[1] Because the parties have the same last name, we refer to them by their first names. No disrespect is intended.

A-4980-16T4

On November 14, 2014, the trial court entered an order directing Donna "to fully communicate with [Bernard] with regards to [A.H.], and her college application process. The parties shall abide by the terms of the [FJOD and PSA] when it comes to choosing and paying for [A.H.]'s college education."

On July 12, 2015, Donna moved to compel Bernard to pay a portion of A.H.'s college expenses. In the moving papers, Donna notified Bernard for the first time that A.H. was accepted at both Farleigh Dickinson University (FDU), at a cost of $27,392, after reduction by grants, scholarships, work study, and federal loans, and Johnson & Wales University, at a cost of $20,542, after reduction by grants, scholarships, and federal loans. She informed Bernard that she and A.H. selected Farleigh Dickinson and A.H. was to enroll in August 2015. On August 21, 2015, Bernard opposed the motion, arguing that he should be relieved of paying for A.H.'s college expenses because Donna had not consulted him in the college selection process.

On September 18, 2015, the trial court denied Donna's motion. The court concluded that Donna failed to consult Bernard in the college selection process and, as a result, he would not be responsible for any portion of the first year of A.H.'s college expenses. In addition, the court ordered Bernard and A.H. to attend re-unification therapy. The court directed Bernard and Donna to submit

A-4980-16T4

information with respect to their incomes by May 1, 2016, in order to assess each parent's share of A.H.'s college expenses for the fall 2016 semester.

In April 2016, Donna moved to compel Bernard to pay a portion of A.H.'s college expenses for the fall 2016 semester. The motion was unopposed. On December 2, 2016, the trial court held a hearing on the motion. The court reserved decision because Bernard had not produced his financial information as directed in the September 18, 2015 order. The court ordered him to submit his "financial information, including his most recent tax return, W-2s and paystubs" to Donna and the court within fourteen days. The court further ordered that Bernard and A.H. begin reunification therapy within thirty days.

Bernard thereafter moved for reconsideration of the December 2, 2016 order. On February 10, 2017, the trial court denied the motion and found Bernard in violation of the December 2, 2016 order due to his failure to submit his financial information. The court further ordered that Bernard submit his financial information no later than February 24, 2017, and that his failure to do so would result in the court imputing his income and setting his share of A.H.'s college expenses and tuition accordingly.

On March 22, 2017, the trial court found Bernard in violation of its three prior orders to submit his financial information. As a result, the court undertook

4

an analysis of his responsibility for A.H.'s college expenses based on imputed income. In the court's statement of reasons accompanying the order, it analyzed the twelve factors set forth in <u>Newburgh v. Arrigo</u>, 88 N.J. 529 (1982). The court cited the PSA which stated the parties' intention for A.H. to attend college, and emphasized that Bernard would have contributed toward A.H.'s college expenses if she was still living with him. In addition, the court noted that A.H. has the ability to earn income during the school year and summer break.

The court found that Donna's annual income was $43,835. Because Bernard had not submitted his financial information, the court relied on prior submissions and prior testimony to impute income to him. Noting that Bernard was responsible for fifty-five percent of A.H.'s private secondary school tuition in the PSA, the court determined that he would be responsible for sixty percent of her college expenses. The court concluded that sixty percent was reasonable, as the cost of FDU was substantially lessened by financial aid, totaling $10,431.31 in the 2016 fall semester.

The court held that Bernard's strained relationship with A.H. did not obviate his obligation to pay his share of her college expenses. The court found that Donna does not prevent Bernard from communicating with A.H. and that Bernard has the ability to provide guidance and advice to his child.

A-4980-16T4

Additionally, the court ordered reunification therapy between Bernard and A.H., but did not make participation in therapy a condition for Bernard's responsibility for A.H.'s college expenses.

Bernard thereafter sought emergent relief in this court. On May 30, 2018, the trial court amplified its March 22, 2017 statement of reasons, noting that during the December 2, 2016 hearing the court found Donna more credible than Bernard, given his testimony "was not entirely consistent with his actions during the prior history of the litigation between the parties." We denied Bernard's motion.

On April 7, 2017, Bernard moved for reconsideration of the March 22, 2017 order. He argued that he should not be responsible for any portion of A.H.'s college expenses because he was excluded from the college selection process, and because the child refuses to talk to him. Bernard's moving papers did not include any of his financial information, nor assert that he had submitted that information to the court.

On June 9, 2017, the trial court denied Bernard's motion for reconsideration. The court concluded that a relationship between a non-custodial parent and a child is not a prerequisite to the court ordering the non-custodial parent to pay a portion of the child's college expenses. In addition, the

6

court noted that Bernard had not complied with three court orders to produce his financial information, resulting in an allocation of expenses based on imputed income. During oral argument, Bernard's counsel claimed to have submitted his financial information to the court, apparently after filing the motion for reconsideration, but before oral argument. Counsel produced no evidence to support the assertion, and the court noted that it was not in possession of Bernard's financial information.

This appeal followed. Bernard appeals only the June 9, 2017 order denying his motion for reconsideration.

## II.

Rule 4:49-2 provides:

> Except as otherwise provided by R. 1:13-1 (clerical errors) a motion for rehearing or reconsideration seeking to alter or amend a judgment or order shall . . . state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred, and shall have annexed thereto a copy of the judgment or order sought to be reconsidered and a copy of the court's corresponding written opinion, if any.

"A motion for reconsideration . . . is a matter left to the trial court's sound discretion." Lee v. Brown, 232 N.J. 114, 126 (2018) (quoting Guido v. Duane Morris, LLP, 202 N.J. 79, 87 (2010)); see also Cummings v. Bahr, 295 N.J.

7

Super. 374, 389 (App. Div. 1996). A party may move for reconsideration of a court's decision pursuant to Rule 4:49-2, on the grounds that (1) the court based its decision on "a palpably incorrect or irrational basis," (2) the court either failed to consider or "appreciate the significance of probative, competent evidence," or (3) the moving party is presenting "new or additional information . . . which it could not have provided on the first application." Id. at 384 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)). The moving party must "initially demonstrate that the [c]ourt acted in an arbitrary, capricious, or unreasonable manner, before the [c]ourt should engage in the actual reconsideration process." D'Atria, 242 N.J. Super. at 401. A motion for reconsideration is not an opportunity to "expand the record and reargue a motion. [It] is designed to seek review of an order based on the evidence before the court on the initial motion, . . . not to serve as a vehicle to introduce new evidence in order to cure an inadequacy in the motion record." Capital Fin. Co. of Del. Valley v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008).

Although his brief does not cite Rule 4:49-2, or any legal precedent interpreting it, Bernard argues that the trial court erred when it denied his motion for reconsideration because he should be excused from paying any portion of A.H.'s college expenses in light of Donna's failure to include him in the college

selection process. In addition, Bernard argues that the trial court erred when it did not make his obligation to contribute to A.H.'s college expenses conditioned on the child's participation in reunification therapy. Finally, he argues that the trial court failed adequately to consider the factors set forth in Newburgh when allocating parental responsibility for A.H.'s college expenses.

Having carefully reviewed Bernard's arguments in light of the record and applicable legal principles, we conclude that the record contains ample evidence supporting the trial court's findings of fact and conclusions of law on his motion for reconsideration. Bernard's moving papers referenced none of the factors set forth in Rule 4:49-2. He instead merely restated the arguments he previously made to the court with respect to his exclusion from the college selection process, and A.H.'s failure to participate in reunification therapy. In addition, Bernard did not establish that the March 22, 2017 order was decided on a palpably incorrect or irrational basis. To the contrary, the court, after evaluating the testimony of Bernard and Donna, made credibility determinations, and carefully weighed the factors set forth in Newburgh. In addition, contrary to Bernard's arguments, "[a] relationship between a non-custodial parent and a child is not required for the custodial parent or the child to ask the non-custodial parent for financial assistance to defray college expenses." Gac v. Gac, 186 N.J.

535, 546 (2006). The trial court acted within its discretion when it declined Bernard's request to make A.H.'s participation in reunification therapy a condition of his obligation to pay a portion of her college expenses.

Finally, Bernard did not present new or additional evidence not available to him prior to entry of the March 22, 2017 order. We are not persuaded by the claim of Bernard's counsel, for the first time, at oral argument on the reconsideration motion, that Bernard had submitted his financial information to the court. The record contains no evidence that Bernard complied with the trial court's three orders to produce his financial information, or that such information, if produced, was not available to him prior to entry of the March 22, 2017 order.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4980-16T4