**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4429-17T4

CLAUDIA CASSER,

     Plaintiff-Appellant,

v.

TOWNSHIP OF KNOWLTON,
MAYOR AND COMMITTEE FOR
KNOWLTON, TOWNSHIP OF
KNOWLTON PLANNING BOARD,
RENE MATHEZ, KATHY CUNTALA,
DAVID A. SMITH, RONALD C.
FARBER, SCOTT ODORIZZI,
CLAYTON TAYLOR, MICHAEL
TIRONI, HAL BROMM, GEORGE
JAMES, CARLA CONSTANTINO,
MASER CONSULTING, PA, JOSEPH
J. LAYTON, MARK HONTZ, and
TED RODMAN,

     Defendants-Respondents,

and

JOHN ANDERSON, PETER PAGLIA,
and VIVIAN PAGLIA,

     Defendants.

Submitted April 3, 2019 – Decided June 14, 2019

Before Judges Alvarez and Nugent.

On appeal from Superior Court of New Jersey, Law Division, Warren County, Docket No. L-0151-13.

Claudia Casser, appellant pro se.

Robert J. Greenbaum, attorney for respondents Township of Knowlton, Mayor and Committee for Knowlton, Township of Knowlton Planning Board, Members of the Township of Knowlton Planning Board, Rene Mathez, Kathy Cuntala, David A. Smith, Ronald C. Farber, Scott Odorizzi, Clayton Taylor, Michael Tironi, Hal Bromm, George James, and Carla Constantino.

Thompson Becker & Bothwell, LLC, attorneys for respondents Maser Consulting, PA, and Joseph J. Layton (Joseph T. Ciampoli, on the brief).

McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys for respondent Mark Hontz (Craig J. Smith, on the brief).

Law Office of Steven J. Tegrar, attorneys for respondent Ted Rodman (Jean S. Larue, on the brief).

PER CURIAM

Plaintiff Claudia Casser appeals from Judge John H. Pursel's February 7, 2017 dismissal of counts one through ten of her second amended complaint. She

A-4429-17T4

also appeals from Judge Pursel's August 9, 2017 denial of reconsideration.[1] We affirm for the reasons stated by Judge Pursel, who relied upon Rule 4:6-2(e) and relevant legal precedent regarding dismissals for failure to state a claim. He also relied upon our comment regarding any future pleadings plaintiff might file—that she must "clearly state the claims she is asserting, the factual bases for those claims, and the relief she seeks." Casser v. Twp. of Knowlton (Casser II),[2] Nos. A-2127-14, A-1815-13 (App. Div. July 7, 2015) (slip op. at 29).

For a more detailed description of the years-long tortuous litigation history of this case, the reader is directed to Casser II. See id. at 4-5. Suffice it to say that the variance approvals plaintiff obtained on October 23, 2007 from the Knowlton Township Planning Board were the springboard for nine years of litigation. Plaintiff is an attorney and a former Planning Board member.

---

[1] Another judge dismissed the eleventh count of the complaint, which dismissal plaintiff is not challenging.

[2] In Casser v. Twp. of Knowlton (Casser I), No. A-4603-12 (App. Div. May 12, 2014), we dismissed as interlocutory plaintiff's appeal of the dismissal of the first complaint and remanded the matter.

While part of Casser II was published, 441 N.J. Super. 353 (App. Div. 2015), we refer only to the complete unpublished Casser II opinion. We omit reference to the published decision.

A-4429-17T4

Plaintiff's first complaint was filed in 2010 and, like the second complaint and the amended second complaint, she alleged wrongdoing on the part of Township officials and employees in the inclusion of conditions in her 2007 variance approvals. She also claimed there were improprieties in Township zoning then and now. She sought damages for her approvals, and for those granted to other landowners.

Plaintiff appealed the dismissal of her first complaint. While that appeal was pending, she filed a second lawsuit, which was basically a restatement of the first, except this time she named as defendants the landowners she viewed as having been wrongfully granted zoning approvals. We affirmed the dismissal of plaintiff's first complaint in its entirety. Id. at 24.

In Casser II, we remanded the matter to the trial court to allow plaintiff the opportunity to amend the second complaint, which had also been dismissed in its entirety. It bears repeating that in Casser II we described the second complaint as "a long, rambling document, which repeated many of the allegations contained in plaintiff's 2010 complaint." Id. at 25.

Plaintiff's second amended complaint, at issue here, is twenty-nine pages long and contains 214 separate paragraphs. Judge Pursel exhaustively ruled on each and every count, finding that not only did plaintiff fail to state a claim, she

did not clearly state the factual basis for any of the allegations. Regarding counts four and five, the judge found that plaintiff lacked standing to challenge subdivision approvals granted to other landowners. Counts six and seven, alleging spoliation and fraudulent concealment, were barred by the entire controversy doctrine, res judicata, and collateral estoppel because plaintiff's allegations of fraudulent concealment had been dismissed during Casser II. Id. at 16, 24. Most of plaintiff's claims related to actions in 2010 that had already been ruled upon.

On reconsideration, the judge opined that plaintiff had failed to establish that dismissal of the second amended complaint was plainly incorrect, that he had failed to consider evidence, or that the matter required reconsideration because of new information. Relying on Cummings v. Bahr, 295 N.J. Super. 374, 384-85 (App. Div. 1996), the judge held plaintiff failed to meet the reconsideration standard.

Casser now alleges the following as points of error:

> POINT ONE: THE TRIAL COURT ERRED BY CONFLATING THIS ACTION WITH AN EARLIER ACTION.
>
> POINT TWO: THE TRIAL COURT APPLIED THE WRONG STANDARDS TO DEFENDANTS' MOTIONS TO DISMISS.

A-4429-17T4

A.  The Fact That This Court Finds the SAC "Confusing" Is <u>Not</u> Grounds to Dismiss Claims If "the Fundament of a Cause of Action May Be Gleaned" From the Facts Stated.

B.  The Trial Court Erred By Dismissing the Complaint "With" Prejudice Without Identifying Any Legal Impediment That Would Render Amendment Futile.

POINT THREE:  THE TRIAL COURT ERRED BY DISMISSING PLAINTIFF'S TIMELY CLAIM CHALLENGING THE FACIAL LEGALITY OF THE AMENDED ORDINANCE.

A.  Count One States a Claim Under the Declaratory Judgments Act.

B.  Count One States a Claim In Lieu of Prerogative Writs.

POINT FOUR:   THE TRIAL COURT ERRED BY HOLDING MOOT COUNT TWO'S CLAIM THAT THE ORDINANCE IN EFFECT AT THE TIME OF THE ANDERSON AND PAGLIA SUBDIVISIONS WAS UNLAWFUL ON ITS FACE.

POINT FIVE:   THE TRIAL COURT ERRED BY DISMISSING WITH PREJUDICE PLAINTIFF'S COUNT THREE CHALLENGE TO THE PAGLIA SUBDIVISION.

POINT SIX:    THE SAC DID "SUFFICIENTLY PLEAD FACTS THAT ESTABLISH THAT . . . THE KNOWLTON LAND USE BOARD ACTED IN AN ARBITRARY AND CAPRICIOUS FASHION."

6

POINT SEVEN:   PLAINTIFF HAS STANDING TO CONTEST THE ILLEGAL ACTIONS OF THE PLANNING BOARD IN CONNECTION WITH THE ANDERSON AND PAGLIA SUBDIVISIONS.

    A.    The Facts Establishing Plaintiff's Interests.

    B.    The Standard.

POINT EIGHT:   THE SAC PLEADS SUFFICIENT FACTS SUPPORTING EACH ELEMENT OF ITS CLAIMS OF SPOLIATION AND FRAUDULENT CONCEALMENT.

POINT NINE:   THE TRIAL COURT DENIED PLAINTIFF DUE PROCESS BY CONSIDERING PRECLUSION DEFENSES IN MOTIONS TO DISMISS.

POINT TEN:   THE TRIAL COURT ERRED BY DISMISSING CLAIMS EXEMPT FROM PRECLUSION DEFENSES.

    A.    Preclusion Defenses do NOT Apply to Claims or Issues Dismissed As Unripe or Moot.

    B.    Claim Preclusion Defenses Apply Only to Claims That Existed At the Time of Filing of the Prior Complaint.

    C.    Issue Preclusion Applies Only to Issues Actually Litigated in the Prior Action.

    D.    Preclusion Applies Only to Parties to the Prior Action.

POINT ELEVEN:   THE SAC PLEADS FACTS SUFFICIENT TO ESTABLISH PLAINTIFF'S RIGHT

A-4429-17T4

TO MANDAMUS ORDERING THE TOWNSHIP COMMITTEE AND PLANNING BOARD TO PERFORM THEIR MINISTERIAL REPORTING DUTIES UNDER THE MLUL AND OPMA.

POINT TWELVE:     COUNT NINE STATES A CLAIM FOR "PATTERN OF NON-COMPLIANCE" UNDER OPMA.

POINT THIRTEEN:     PLAINTIFF PLEADS FACTS SUFFICIENT TO SUPPORT A CLAIM FOR CIVIL CONSPIRACY.

As we have previously said, the zoning ordinance that controlled the variances granted to plaintiff in 2007 has since been revised. Thus, her challenge, whether facial or otherwise, is moot. Casser II, slip op. at 18-19. Plaintiff's claims for damages regarding other landowners' subdivisions approved after hers have no basis in the law. Plaintiff has no facts which support her belief that defendants have engaged in wrongful action. There are no grounds upon which relief can be granted. R. 4:6-2(e); Banco Popular N. Am. v. Gandi, 184 N.J. 161, 165-66 (2005). It is patently clear that most of the allegations relate to issues already decided in Casser II and thus may not be relitigated. See N.J. Div. of Youth & Family Servs. v. R.D., 207 N.J. 88, 114-15 (2011); Casser II, slip op. at 18-25.

Nothing in plaintiff's reconsideration motion warranted relief. As Rule 4:49-2 informs us, such applications must provide a judge with either facts or

law which have been overlooked. Reconsideration is to be granted in the trial court's sound discretion, and we see no abuse of discretion in Judge Pursel's denial. See Capital Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008).

Having examined plaintiff's second amended complaint, we find that the arguments on appeal are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4429-17T4