**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1630-17T3

VICKI L. GORCZYCA,

     Plaintiff-Respondent,

v.

DANIEL W. GORCZYCA,

     Defendant-Appellant.

_____

> Argued February 7, 2019 – Decided June 28, 2019
>
> Before Judges Whipple and DeAlmeida.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FM-18-0145-06.
>
> Marianne Zembryski argued the cause for appellant.
>
> Jamie N. Berger argued the cause for respondent (Jacobs Berger, LLC, attorneys; Jamie N. Berger, of counsel and on the brief; Amy L. Miller, on the brief).

PER CURIAM

In this post-judgment matrimonial matter, defendant Daniel W. Gorczyca appeals from the November 8, 2017 order of the Family Part denying his motion for reconsideration of a July 26, 2017 order denying his request to modify two provisions of a 2011 consent order concerning his obligation to maintain a life insurance policy and pay alimony and child support arrears. We affirm.

I.

Defendant and plaintiff Vicki L. Gorczyca were divorced on January 30, 2006, through entry of a Final Judgment of Divorce incorporating a Matrimonial Settlement Agreement (MSA). Pursuant to the MSA, Daniel[1] was obligated to pay Vicki alimony and child support for their two children. He waived his interest in the marital home and agreed to maintain a $1.2 million life insurance policy with Vicki as beneficiary for so long as he has an alimony obligation and a $1.3 million life insurance policy with the children as beneficiaries and Vicki as trustee. During the marriage, Daniel was the primary income earner, having had success in the mortgage industry.

Almost immediately after the divorce, Daniel fell behind on his alimony and child support payments due, in part, to personal problems and a sharp

---

[1] Because the parties share a surname we refer to them by first name. No disrespect is intended.

decline in the mortgage industry. Within four years of the divorce, Daniel was more than $230,000 in arrears. He subsequently filed an application to terminate or reduce his support obligations, alleging a change in circumstances. Vicki opposed the motion.

Ultimately, on August 3, 2011, the court entered a consent order modifying various provisions of the Final Judgment of Divorce. The parties agreed to: (1) reduce Daniel's future alimony obligations; (2) reduce Daniel's future child support obligations; (3) obligate Daniel to make monthly payments toward the children's car insurance, health insurance, and college expenses; (4) reduce Daniel's child support, alimony, and prior judgment arrears by $81,514 to a total of $253,102.76; and (5) impose a payment plan to satisfy Daniel's arrears. Vicki contends that these provisions were intended to improve Daniel's financial condition and facilitate his return to the mortgage industry, from which he had become separated. The consent order also directed Daniel to maintain $1 million in life insurance to secure his alimony obligation for the duration of his alimony obligation and an additional $1 million in life insurance to secure his child support obligation and until all arrearages were resolved.

Although Daniel agreed to entry of the consent order, he failed to abide by its terms. Over the following years, Vicki filed several motions to enforce

the consent order. Daniel opposed the motions and sought relief from some of the provisions of the consent order.

On May 30, 2017, Vicki moved to enforce the consent order, seeking an order: (1) directing Daniel to pay $1527 in arrears for the period January 1, 2017 to March 31, 2017; (2) increasing Daniel's monthly payments to Vicki because of an increase in his income, pursuant to a provision in the consent order; and (3) clarifying how that increase is to be calculated.

On June 16, 2017, Daniel opposed the motion and cross-moved to: (1) emancipate one of the children (the other having already been emancipated); (2) have his current payment obligations for that child remain in place but be applied to arrears; and (3) have his obligation to carry life insurance reduced to $350,000 of coverage, which, given his expected retirement, he argued was sufficient to satisfy his then outstanding alimony and arrears obligations to Vicki.

Daniel also sought an order pursuant to Rule 4:50-1(f) modifying or vacating the calculation and payment of arrears in the consent order on the basis of an alleged fraud by Vicki. Daniel argued that during the negotiations that resulted in entry of the consent order, Vicki failed to disclose she had taken an equity advance on the former marital home, stopped making payments on the loan, and thereafter filed for bankruptcy. He argued that he would not have

A-1630-17T3

agreed to the terms of the consent order had he been notified that Vicki benefitted from the equity advance, which, he alleged, she intended at the time she took the loan to avoid repaying by filing for bankruptcy. Daniel requested the trial court to set a discovery schedule and a hearing on his Rule 4:50-1(f) motion.

On July 26, 2017, the court entered an order granting Vicki's motion in part and denying her motion in part. In addition, the court granted Daniel's cross-motion in part and denied his cross-motion in part. Of relevance to this appeal, the court denied Daniel's request to reduce his obligation to maintain life insurance and denied the relief he sought pursuant to Rule 4:50-1(f), without holding a hearing. In a written statement of reasons accompanying the July 26, 2017 order, the court found that it was unable to calculate Daniel's potential total alimony obligations to Vicki because there was no support in the consent order for Daniel's argument that his alimony obligation would cease on his retirement. In addition, the court concluded that Daniel was unlikely to be able to obtain a new life insurance policy for $350,000 were he to cancel his current policy, given concerns regarding his insurability. With respect to Daniel's request for relief pursuant to Rule 4:50-1(f), the court concluded that Daniel provided no credible evidence supporting his claim of fraud.

A-1630-17T3

On August 9, 2017, Daniel moved for reconsideration. Although Daniel raised a number of issues, only two are presently before the court: his request to reduce his life insurance obligation, and his request for relief under Rule 4:50-1(f). In support of his motion, Daniel produced a letter from an insurance carrier quoting the premium it would charge if his life insurance coverage were reduced to $350,000. Vicki opposed the motion.

On November 8, 2017, the trial court entered an order denying Daniel's motion for reconsideration. In a written statement of reasons, the trial court concluded that Daniel merely restated the arguments he made in support of the original motion, and had not produced new evidence warranting reconsideration. The court noted that the life insurance carrier's letter, the one document that might be considered new evidence, states that to obtain a reduction in coverage Daniel would have to submit a request form, as well written authority to seek the reduction. The court noted that the letter does not explain whether the insurance carrier would have the discretion to deny a reduction request and is not a declaration that a reduction would be granted. In addition, the court held that when deciding the original motion it did not find that $350,000 would be sufficient to cover Daniel's potential alimony obligation to Vicki. Finally, the

A-1630-17T3

court found that the provisions of the consent order regarding life insurance were bargained for terms that the court could not unilaterally change.

This appeal followed. Daniel appeals two paragraphs of the November 8, 2017 order: (1) paragraph 4, which concerns Daniel's request to reduce his life insurance obligation; and (2) paragraph 5, which pertains to Daniel's motion for relief pursuant to Rule 4:50-1(f). Daniel's notice of appeal and case information statement do not list the July 26, 2017 order as one from which he appeals.

II.

Rule 4:49-2 provides:

> Except as otherwise provided by R. 1:13-1 (clerical errors) a motion for rehearing or reconsideration seeking to alter or amend a judgment or order shall . . . state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred, and shall have annexed thereto a copy of the judgment or order sought to be reconsidered and a copy of the court's corresponding written opinion, if any.

"A motion for reconsideration . . . is a matter left to the trial court's sound discretion." Lee v. Brown, 232 N.J. 114, 126 (2018) (quoting Guido v. Duane Morris, LLP, 202 N.J. 79, 87 (2010)); see also Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). A party may move for reconsideration of a court's decision pursuant to Rule 4:49-2, on the grounds that (1) the court based

its decision on "a palpably incorrect or irrational basis," (2) the court either failed to consider or "appreciate the significance of probative, competent evidence[,]" or (3) the moving party is presenting "new or additional information . . . which it could not have provided on the first application[.]" Id. at 384 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)). The moving party must "initially demonstrate that the [c]ourt acted in an arbitrary, capricious, or unreasonable manner, before the [c]ourt should engage in the actual reconsideration process." D'Atria, 242 N.J. Super. at 401. A motion for reconsideration is not an opportunity to "expand the record and reargue a motion." Capital Fin. Co. of Del. Valley v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008). "[It] is designed to seek review of an order based on the evidence before the court on the initial motion, . . . not to serve as a vehicle to introduce new evidence in order to cure an inadequacy in the motion record." Ibid. (citation omitted).

Having carefully reviewed Daniel's arguments in light of the record and applicable legal principles, we conclude that the record contains ample evidence supporting the trial court's findings of fact and conclusions of law denying his motion for reconsideration. Daniel's motion for reconsideration, for the most part, merely restated the arguments he previously made to the court in support

A-1630-17T3

of his cross-motion. He did not establish that the July 26, 2017 order was decided on a palpably incorrect or irrational basis, that the court overlooked controlling precedents, or that the court failed to appreciate probative evidence.

Nor are we persuaded that Daniel produced new evidence warranting reconsideration of the July 26, 2017 order. The insurance carrier's letter produced by Daniel in support of his motion for reconsideration merely stated the procedure through which he could obtain a reduction in his life insurance coverage to $350,000. The letter did not guarantee that such a reduction would be granted. More importantly, the letter does nothing to undercut the trial court's determination that it was not possible to quantify Daniel's potential alimony obligation to Vicki because the parties' consent order does not provide that alimony will terminate on Daniel's retirement. In addition, as the trial court concluded, Daniel's maintenance of $2 million in life insurance coverage until his arrears are satisfied was a bargained for provision of the consent agreement. This undisputed fact is not negated by the carrier's letter.

To the extent we have not specifically addressed any of the parties' remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-1630-17T3