**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1593-20

INSURANCE RESTORATION
SPECIALISTS, INC.,

      Plaintiff-Respondent,

v.

ALEJANDRO AND CATHY
PEREZ, a/k/a CATHERINE
PEREZ,

      Defendants-Appellants.

_____

ALEJANDRO AND CATHY
PEREZ, a/k/a CATHERINE
PEREZ,

      Third-Party Plaintiffs-
      Appellants,

v.

TIM JAREMA, GEORGE
HALDEMAN, CHARLIE
DEVICH, GERALD GARCIA,
BOB CURRIE, GERALD
FRAZEE, JR., TRAVELERS
INSURANCE COMPANY,

d/b/a FIDELITY INSURANCE
COMPANY, and FIDELITY
INSURANCE COMPANY,

      Third-Party Defendants-
      Respondents.

_____

Submitted March 8, 2022 – Decided July 14, 2022

Before Judges Fisher and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law
Division, Bergen County, Docket No. L-10143-15.

Alejandro Perez and Cathy Perez, appellants pro se.

Slavin & Morse, LLC, attorneys for respondents
Insurance Restoration Specialists, Inc., Tim Jarema,
George Haldeman, Charlie Devich, Gerald Garcia, and
Bob Currie (Glenn C. Slavin, on the brief).

PER CURIAM

Defendants/third-party plaintiffs Alejandro Perez and Cathy Perez appeal

from the January 28, 2021 order of the Law Division denying their motion for

reconsideration of a prior order releasing to plaintiff Insurance Restoration

Specialists, Inc. (Restoration) funds in the court's trust account. We reverse the

January 28, 2021 order, vacate the order releasing funds to Restoration, and

remand for entry of an order releasing the funds to Travelers Insurance Company

(Travelers), the entity that paid them into court.

I.

In 2014, a pipe burst in the Perezes's home, causing water damage. Their home was insured by Travelers. With the approval of Travelers, the Perezes executed a contract with Restoration to remediate some of the damage. Travelers and Restoration agreed on an estimate of $8,562.21 for the repairs.

Restoration alleges it completed the work required by the contract. Travelers thereafter issued a two-party check for $8,562.21 payable to Restoration and the Perezes. The Perezes, dissatisfied with Restoration's work, refused to tender the check to Restoration.

Restoration thereafter filed a complaint in the Law Division against the Perezes. There is no copy of the complaint in the record. We cannot, therefore, determine with certainty the parameters of Restoration's claims. An answer filed by the Perezes suggests Restoration alleged a breach of contract. The Perezes denied that a contract existed between them and Restoration, and alleged that Restoration's claims were barred by the New Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -210, and the Contractors' Registration Act (CRA), N.J.S.A. 56:8-136 to -152. The Perezes also alleged, among other things, that Restoration did not complete the work required by the contract, failed to obtain necessary work permits, abandoned the project, further damaged the home, allowed mold

3

to grow at and around the site of the leak, and damaged the Perezes's personal property.

The Perezes filed counterclaims against Restoration and a third-party complaint against Travelers, several principals and employees of Restoration, and others. They alleged violations of the CFA and the CRA, common law fraud, negligent misrepresentation, breach of contract, negligent construction, breach of warranty, and indemnification and contribution.

On August 19, 2016, the trial court entered an order granting Travelers leave to deposit $8,562.21 into the court's trust fund, which the court described as the amount in dispute between Restoration and the Perezes.[1] The parties exchanged discovery.

On August 3, 2017, after a failed attempt at arbitration, the trial court entered a consent order stating that the parties had agreed to private mediation of their claims with a retired judge. The court instructed the parties to complete mediation within sixty days and to inform the court within ninety days "that the matter is either settled or should be scheduled for trial." The August 3, 2017

---

[1] The record reflects that Travelers was doing business as Fidelity Insurance Company (Fidelity). The August 19, 2016 order refers to Fidelity rather than Travelers. Our references to Travelers in this opinion are intended to include both Travelers and Fidelity.

A-1593-20

order contains a handwritten notation to "see companion order of 7/26/17." A July 26, 2017 order removes the parties' claims from arbitration.

On July 22, 2020, almost three years after their claims were referred to private mediation, the Perezes moved to reinstate the parties' claims. In a certification in support of the motion, the Perezes alleged that following entry of the August 3, 2017 order, the parties reached an impasse in mediation. According to the Perezes, the parties engaged in a second round of mediation in May 2020, which also ended in an impasse. The Perezes alleged that the other parties would not consent to reinstatement of the pleadings.

On September 14, 2020, the court issued an order denying the Perezes's motion. The order contained a handwritten notation: "Case dismissed on August 3, 2017 pursuant to Rule 1:13-7 and no exceptional circumstances shown to warrant reinstatement." Rule 1:13-17 concerns the dismissal of claims for lack of prosecution. There is, however, no indication in the August 3, 2017 order that the court dismissed the parties' claims for lack of prosecution.

On November 24, 2020, the Perezes moved for an order releasing the amount deposited in court to them. They argued that because Restoration allowed its complaint to be dismissed and declined to join the Perezes's motion to reinstate its claims, it had, in effect, forfeited any legal claim to the funds at

A-1593-20

issue. In addition, the Perezes argued they are the insured parties under the Travelers policy and, therefore, entitled to the payment made by Travelers on their loss and no other party has standing to assert an interest in those funds.

Restoration opposed the motion and cross-moved for an order releasing the amount deposited in court to it. Restoration argued that it was entitled to the funds because it completed the work required by the parties' contract and Travelers had issued a check intended to be payment to Restoration for its work. In support of its cross-motion, Restoration submitted documents, including timesheets, job reports, and an itemization of costs. As far as we can discern from the record, the documents were submitted as exhibits to an attorney's letter and were not authenticated by a person with knowledge of their authenticity.

On December 18, 2020, the trial court issued a written opinion and order denying the Perezes's motion and granting Restoration's cross-motion. After a recitation of the procedural history, the court's opinion, in its entirety is as follows:

> The proof and documentation furnished by [Restoration] indicates clearly that they are entitled to receive the funds that were issued by the Travelers Insurance Company. Funds held in trust comport with the contractual relations between the parties, the time and materials expended by [Restoration], the estimate provided by [Restoration], and the estimate provided by the insurance company. [The Perezes] should not

receive these funds, so their motion is denied, and the [c]ourt instead rightfully grants those funds to [Restoration].

The court ordered the $8,562.21 be released to Restoration.

On December 27, 2020, the Perezes moved for reconsideration of the December 18, 2020 order. They argued that the trial court lacked jurisdiction to adjudicate Restoration's breach of contract claims because they had been dismissed. In addition, they argued that the court, in effect, granted summary judgment to Restoration on its claims without giving the Perezes an opportunity to challenge the evidence on which it relied. They also argued that if the court had authority to adjudicate Restoration's breach of contract claims, it was required to determine the merits of the Perezes's defenses to those claims, as well as its counterclaims against Restoration.[2]

On January 28, 2021, the trial court issued an order denying the Perezes's motion for reconsideration. The court concluded they failed to establish the December 18, 2020 order was based on plainly incorrect reasoning, or that the court had overlooked material evidence, or should have considered new information.

---

[2] The Perezes sought to rely on statements made by Restoration during settlement negotiations. We disregard those statements. See N.J.R.E. 408.

7

A-1593-20

This appeal follows. The Perezes, in effect, reassert the arguments made in support of their motion for reconsideration.

## II.

Rule 4:49-2 provides:

> Except as otherwise provided by R. 1:13-1 (clerical errors) a motion for rehearing or reconsideration seeking to alter or amend a judgment or order shall . . . state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred, and shall have annexed thereto a copy of the judgment or order sought to be reconsidered and a copy of the court's corresponding written opinion, if any.

"A motion for reconsideration . . . is a matter left to the trial court's sound discretion." Lee v. Brown, 232 N.J. 114, 126 (2018) (quoting Guido v. Duane Morris, LLP, 202 N.J. 79, 87 (2010)). A party may move for reconsideration of a court's decision pursuant to Rule 4:49-2 on the grounds that (1) the court based its decision on "a palpably incorrect or irrational basis," (2) the court either failed to consider or "appreciate the significance of probative, competent evidence," or (3) the moving party is presenting "new or additional information . . . which it could not have provided on the first application." Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)). The moving party must "initially

8

demonstrate that the [c]ourt acted in an arbitrary, capricious, or unreasonable manner, before the [c]ourt should engage in the actual reconsideration process." D'Atria, 242 N.J. Super. at 401. A motion for reconsideration is not an opportunity to "expand the record and reargue a motion. . . . [It] is designed to seek review of an order based on the evidence before the court on the initial motion, . . . not to serve as a vehicle to introduce new evidence in order to cure an inadequacy in the motion record." Capital Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008).

Because the December 18, 2020 order was issued on a palpably incorrect basis, the trial court erred when it denied the Perezes's motion for reconsideration. Rule 4:57-1 provides:

> In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money, a party, on notice to every other party, and by leave of court, may deposit with the Superior Court Trust Fund all or any part of the sum. The Clerk of the Superior Court, however, may accept money submitted under the Construction Lien Law, N.J.S.A. 2A:44A-31, whether or not there is litigation pending with respect thereto.

By its plain language, the rule applies where there is an action pending in the Superior Court in which a party seeks as relief a judgment for a sum of money or the disposition of a sum of money. The purpose of the rule is to preserve

funds, the entitlement to which is the subject of a pending action. "Rule 4:57 does not govern the substantive rights of the parties." Connelly v. McVeigh, 374 N.J. Super. 159, 167 (App. Div. 2005). The prerequisite of a pending action as authority to accept funds in court is underscored by the rule's exception allowing for the submission of funds in construction lien matters where no litigation is pending. That category of cases is the only exception to the rule's requirement that an action be pending to accept funds in court.

When the Perezes and Restoration cross-moved for release of the funds in the court's trust account their complaint and counterclaims had been dismissed. We interpret the September 14, 2020 order as a finding by the trial court that the parties failed to prosecute the complaint and counterclaims in the more than three years following entry of the August 3, 2017 consent order referring the matter to private mediation. In the August 2017 order, the parties were directed to inform the court within ninety days that the matter was settled or that a trial date was needed.

As far as we can discern from the record, no party communicated with the court until July 22, 2020, when the Perezes moved to reinstate the matter. In the September 14, 2020 order, the trial court found no exceptional circumstances warranted reinstating the parties' effectively abandoned claims. No appeal was

10

filed from the September 14, 2020 order and no party argues it was incorrectly entered.

We have previously held that where an insurer deposits payment on a claim into court on behalf of a claimant who does not thereafter prove entitlement to those funds in the underlying action, the deposit will be returned to the insurer. See Connelly, 374 N.J. Super. at 162-67. In that case, the insurer offered to settle the plaintiff's claims arising from a motor vehicle accident for the policy limit. Id. at 163. While the plaintiff was considering the settlement offer, the insurer deposited the funds in court. Ibid. Ultimately, the plaintiff brought his claims to trial without expressly rejecting the settlement offer. The jury found that plaintiff failed to prove damages. Id. at 166. The court subsequently permitted the insurer to withdraw the deposited funds. Ibid.

The court later denied a motion to place a constructive trust on the funds, which was predicated on the theory that the settlement offer, once made, could not be rescinded, and the funds, once deposited in the trust account, could not be returned to the insurer. Id. at 167. We affirmed, noting that the plaintiff's failure to accept the settlement offer or prove entitlement to the funds on deposit in the underlying action negated his claim to those funds. Ibid. The same result is appropriate here.

A-1593-20

Neither Restoration nor the Perezes established their claims to the funds in the court's trust fund. They allowed their claims to be dismissed for lack of prosecution. Because the underlying pleadings were dismissed without a determination of any party's entitlement to the funds deposited in court, the appropriate course of action in the present circumstances is to return the funds to Travelers.

The January 28, 2021 order is reversed, the December 18, 2020 order directing the release of $8,562.21 to Restoration is vacated, and the matter is remanded to the Law Division for entry of an order releasing $8,562.21 deposited in court to Travelers. We do not retain jurisdiction.[3]

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] Given the resolution of this appeal on other grounds, we do not comment on the propriety of the trial court effectively granting summary judgment to Restoration on its breach of contract claims based on unauthenticated documents attached to an attorney's letter and without consideration of the Perezes's defenses or counterclaims.

A-1593-20