**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0096-18T4

WELLS FARGO BANK,
NATIONAL ASSOCIATION AS
TRUSTEE FOR STRUCTURED
ASSET MORTGAGE INVESTMENTS
II INC., GREENPOINT MORTGAGE
FUNDING TRUST 2006-AR2,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-AR2,

 Plaintiff-Respondent,

v.

CINDY BISCHOFF,

 Defendant,

and

JEFFREY BISCHOFF,

 Defendant-Appellant.

_____

  Submitted December 2, 2019 – Decided December 19, 2019

  Before Judges Messano and Vernoia.

On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. F-044102-13.

Jeffrey Bischoff, appellant pro se.

Parker Ibrahim & Berg LLP, attorneys for respondent (Charles W. Miller, III, Ben Zev Raindorf and Jonathan M. Etkowicz, on the brief).

PER CURIAM

In this mortgage foreclosure action, defendants Cindy Bischoff and Jeffrey Bischoff (collectively "defendants") filed an objection to the amount plaintiff Wells Fargo Bank NA claimed due in the final judgment. After oral argument and consideration of the parties' numerous submissions, the court entered a July 2, 2018 order and written opinion that reduced the sum due plaintiff for its payments for insurance on the property, but otherwise overruled defendants' objections to the amount due, and remanded to the Office of Foreclosure for entry of final judgment. Jeffrey Bischoff (defendant) filed a motion for reconsideration of the July 2, 2018 order.[1] In an August 14, 2018 order and written statement of reasons, the court denied defendant's motion.

---

[1] Cindy Bischoff did not move for reconsideration or appeal the denial of the motion, and she has not participated in this appeal. We refer to Jeffrey Bischoff as "defendant" because he filed the reconsideration motion that is at issue on appeal, appealed the court's order denying the motion, and is the sole defendant participating in the appeal.

A-0096-18T4

Defendant appeals from the August 14, 2018 order denying his reconsideration motion. We find no merit to defendant's arguments and affirm.

## I.

Following their default on March 1, 2012, of a $592,000 note executed by Cindy Bischoff and a residential mortgage on an Emerson, New Jersey property executed by defendants, plaintiff filed this foreclosure action. In August 2016, the parties entered into a consent order requiring defendants' withdrawal of their then pending motion to dismiss the complaint and returning the matter to the Office of Foreclosure as an uncontested case. The consent order also delayed the "Foreclosure Sale" for at least seven months, prohibiting the sale prior to May 31, 2017.

One year later, defendant filed a motion to vacate the consent order. On August 18, 2017, the court denied defendant's motion. In a written statement of reasons, the court rejected defendant's claim plaintiff lacked standing, found defendant's claim he entered into the consent order under duress was not supported by credible evidence, and reasoned that "[d]efendant negotiated a delay, and plaintiff abided by the terms of the consent order. Now that plaintiff has complied with the settlement, defendant seeks to vacate the settlement." The court concluded

3

> [i]t would be inequitable to allow defendant to receive the delay defendant bargained for and then undo the agreement. A change of heart after accepting a settlement is not a basis to set aside the agreement . . . A party is bound to the contract it made at the time, even if it turns out to be a poor deal.

Plaintiff filed a motion for entry of final judgment. In support of the motion, plaintiff provided a certification from Kim McElreath, a document control officer employed by Select Portfolio Servicing, Inc. (SPS), plaintiff's mortgage loan servicer. McElreath certified that she personally reviewed, and confirmed the accuracy of, the Affidavit of Amount Due, note, mortgage, and recorded assignments. McElreath also certified that defendants' default remained uncured and plaintiff was due $841,214.69, as detailed in an attached Proof of Amount Schedule. The schedule itemized the sums plaintiff claimed defendants owed and included the sum of $11,947.55 that plaintiff paid for homeowners insurance on the property following defendants' default.

Defendant filed numerous submissions in support of his objections to the claimed amount due. In pertinent part, defendant objected to the plaintiff's claim for reimbursement of its payments for homeowners insurance, arguing defendants had paid for homeowners insurance on the property since 2004.

Plaintiff's opposition to defendant's objections included a series of letters it sent to defendants between April 14, 2015, and April 24, 2017, advising

defendants were required to have homeowners insurance on the property, and if they did not provide proof of such insurance, plaintiff would purchase the insurance and add the amount paid to the sum due. Plaintiff represented that defendants did not respond to the letters or provide evidence they purchased their own insurance, and that, as a result, in June 2016, plaintiff began purchasing homeowners insurance on the property.

Plaintiff submitted a supplemental certification of Cynthia May, a document control officer at SPS, explaining defendants' obligation to purchase homeowners insurance; providing correspondence to Cindy Bischoff concerning the renewal of the homeowners policy plaintiff purchased; noting defendants could only cancel the policy purchased by plaintiff by providing written proof they directly obtained the required insurance; and explaining plaintiff purchased the policy "because acceptable proof of insurance coverage was not provided" to SPS.

In response, defendant forwarded a letter to the court renewing his request to vacate the consent order, claiming plaintiff had unclean hands and relied on "fraudulent paperwork with fraudulent numbers" in support of its claim that $11,947.55 was due for plaintiff's payment of the insurance. Defendant's

submission of the letter to the court was not accompanied by an affidavit or certification attesting to the purported facts supporting his request and claims.

On July 2, 2018, the court entered an order overruling defendant's objection to the final judgment but limiting plaintiff's recovery for homeowners insurance costs to $10,995.61. The court remanded the matter to the Office of Foreclosure for entry of final judgment. In its written statement of reasons, the court noted defendant's claim that plaintiff "impermissibly [sought] to recover costs associated with insurance coverage," because defendant asserted that he and Cindy Bischoff "paid the applicable insurance on the property since 2004." The court otherwise rejected defendant's claim, finding defendants were asked to provide proof of insurance on numerous occasions since as early as April 2015, and "all requests for proof insurance went unanswered."

The court further found plaintiff

> provide[d] credible evidence that [d]efendants were notified on a number of occasions that (i) [p]laintiff had no record of insurance coverage on the property; (ii) that absent any information from the [d]efendants, [p]laintiff would purchase such insurance; and (iii) that in the event [p]laintiff was so compelled to purchase the insurance, the Note and Mortgage provide [p]laintiff with a right to recover the monies expended for the policy.

6

The court determined defendant did not sufficiently dispute "the credibility of [p]laintiff's evidence submitted," and concluded "the record clearly indicates that [p]laintiff purchased insurance, and that [d]efendants are liable for the entire sum paid for that policy." The court, however, found plaintiff's evidence only demonstrated it paid $10,995.61 for the insurance and limited plaintiff's recovery for insurance to that amount.

Defendant filed a motion for reconsideration. In response to defendant's motion, plaintiff filed a cross-motion to enforce a settlement agreement that the parties executed on the same day the consent order was filed, and for counsel fees.

The court heard argument on the motions and reserved decision. In an August 14, 2018 order and accompanying written statement of reasons, the court denied the motions. The court first summarized defendant's argument in support of his reconsideration motion:

> [d]efendant, similar to when the original Objection to the Amount Due was filed, argues that he purchased [homeowners] insurance, and [p]laintiff is therefore not entitled to any reimbursement for [its] own purchase of the same. Defendant also renews his argument that the Consent Order should be vacated. As to the Consent Order, [d]efendant argues that it was an unconscionable agreement, to which he only agreed under duress.

7

The court observed that defendant's motion "is truly one for reconsideration of" both the July 2, 2018 order overruling his objections to the claimed amount due and the August 18, 2017 order denying his motion to vacate the consent order. The court noted that a motion challenging the August 18, 2017 was untimely, see R. 4:49-2, but it considered the merits of defendant's motion for reconsideration as to both orders.

In its rejecting defendant's motion for reconsideration of the July 2, 2018 order as to the claimed amount due, the court noted defendant's arguments were "conclusory in nature," he failed to present any evidence defendants purchased homeowners insurance on the property, and the evidence showed defendants were advised by plaintiff that if they did not purchase the "insurance, [p]laintiff would purchase a policy, and [defendants] would be liable for the same." The court explained the proofs had been carefully scrutinized in the first instance, it had reduced the amount claimed by plaintiff for the insurance, and defendant failed to demonstrate the court's July 2, 2018 order was palpably incorrect.

The court also determined defendant offered no basis for reconsideration of the court's August 18, 2017 order denying his motion to vacate the consent order. The court found defendant benefitted from the consent order by "prolong[ing] the time in which he could remain within his home, all the while

A-0096-18T4

continuing not to pay the mortgage and requiring [p]laintiff to pay for the carrying costs and taxes for the property." The court also explained that the August 18, 2017 order was based on a finding defendant did not present any evidence he entered into the consent order under duress, and defendant failed to establish that finding was palpably incorrect.

Defendant appeals from the court's August 14, 2018 order denying his reconsideration motion and offers the following arguments for our consideration[2]:

> POINT I
>
> THE COURT IGNORED THE LEGAL PRINCIPLE OF "FALSUS IN UNO, FALSUS IN OMNIBUS."
>
> POINT II
>
> THE PLAINTIFF COMMITTED A FRAUD.
>
> POINT III
>
> [THE] FINDER OF FACT IGNORED EVIDENCE.

## II.

"The decision to deny a motion for reconsideration falls 'within the sound discretion of the [trial court], to be exercised in the interest of justice.'" In re

---

[2] The August 14, 2018 order also denied plaintiff's cross-motion. Plaintiff does not appeal from that portion of the order.

A-0096-18T4

Belleville Educ. Ass'n, 455 N.J. Super. 387, 405 (App. Div. 2018) (quoting Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996)). Reconsideration should be employed only "for those cases which fall into that narrow corridor in which either (1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Cummings, 295 N.J. Super. at 384 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). "Reconsideration cannot be used to expand the record and reargue a motion. Reconsideration is only to point out 'the matters or controlling decisions which [a party] believes the court has overlooked or as to which it has erred.'" Capital Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008) (quoting R. 4:49-2).

We review a trial court's decision to grant or deny a motion for reconsideration under the abuse of discretion standard. See Cummings, 295 N.J. Super. at 389 ("We now adopt that [abuse of discretion] standard as the appropriate norm for appellate review of a denial of a motion for reconsideration"). An abuse of discretion occurs "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" U.S. Bank Nat'l Ass'n v. Guillaume, 209

N.J. 449, 467-68 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

Measured against these standards, we are convinced defendant's arguments are without sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(1)(E), and affirm substantially for the reasons set forth in the motion court's written statement of reasons. We add only the following brief comments.

To the extent defendant's motion may have been properly considered by the court as seeking reconsideration of the August 18, 2017 order denying his motion to vacate the consent order, it was properly denied because it was untimely, R. 4:49-2. In addition, as correctly determined by the motion court, defendant failed to demonstrate that denial of the motion to vacate the consent order rested on a palpably incorrect or irrational basis, or that the court failed to consider or appreciate the significance of competent evidence. Cummings, 295 N.J. Super. at 384. Moreover, we affirm because defendant does not argue on appeal that the court's denial of his putative motion for reconsideration of the August 18, 2017 order was in error. See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) (finding an issue not briefed on appeal is deemed

11

waived); Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt. 5 on <u>R.</u> 2:6-2 (2020) ("[i]t is, of course, clear that an issue not briefed is deemed waived").

Defendant's challenge to the court's denial of his motion for reconsideration of the July 2, 2018 order is based on his conclusory assertion that plaintiffs fraudulently claimed reimbursement for homeowners insurance payments. Defendant's oft repeated claim of fraud does not make it so. "Fraud is not presumed; it must be proven through clear and convincing evidence," <u>Stoecker v. Echevarria</u>, 408 N.J. Super. 597, 617 (App. Div. 2009) (quoting <u>Stochastic Decisions, Inc. v. DiDomenico</u>, 236 N.J. Super. 388, 395 (App. Div. 1989)), and defendant never presented competent evidence establishing the alleged fraud.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0096-18T4