**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0319-18T1

FERNANDO A. PORTES,

      Plaintiff-Appellant,

v.

EILEEN MARKENSTEIN,
DALIAH AMAR, GEORGE
DOERRE, HENRY KADEN,
MICHAEL CANBERG,
TROY TOWERS CORPORATION,
FS RESIDENTIAL, and TJ LEGG,

      Defendants-Respondents,

and

THE STATE OF NEW JERSEY,

      Defendant.

_____

      Argued telephonically June 3, 2020 –
      Decided June 22, 2020

      Before Judges Fuentes, Haas and Mayer.

      On appeal from the Superior Court of New Jersey, Law
      Division, Hudson County, Docket No. L-1335-18.

Fernando A. Portes, appellant, argued the cause pro se.

Brandon D. Minde argued the cause for respondents Eileen Markenstein, Daliah Amar, George Doerre, Henry Kaden, Michael Canberg, Hudson Troy Towers Corporation and FS Residential (Dughi Hewit Domalewski PC, attorneys; Suzanne D'Amico Brodock, on the brief).

Christopher Kennedy Harriott argued the cause for respondent TJ Legg (Florio Kenny Raval LLP, attorneys; Christopher Kennedy Harriott, on the brief).

PER CURIAM

Plaintiff Fernando A. Portes appeals from the Law Division's September 7, 2018 order denying his motion for reconsideration of a June 22, 2018 order that had granted a motion filed by the "Troy Towers defendants"[1] to dismiss his complaint against them. Plaintiff also appeals from the court's March 15, 2019 order granting the motion filed by the remaining defendant, municipal prosecutor T.J. Legg, to dismiss the complaint. We affirm.

---

[1] The Troy Towers defendants include: Hudson Troy Towers Corporation; its property manager, Michael Canburg; the company Canburg works for, FS Residential; members of its Board of Directors, George Doerre, Daliah Amar, and Eileen Markenstein; and another co-op resident, Henry Kaden. Plaintiff does not challenge the court's June 22, 2018 order dismissing its complaint against defendant State of New Jersey. Therefore, the State is not a party to this appeal.

A-0319-18T1

Plaintiff is a shareholder in Hudson Troy Towers Corporation, which is a residential co-op. On a number of occasions over the past several years, plaintiff has sought an elected position on the Troy Towers' Board of Directors (Board). However, the Board did not permit him to run for this office after he violated the Board's rules by including disparaging comments about other candidates in the candidate biographies he submitted.

Plaintiff filed three lawsuits against the Troy Towers defendants alleging, among other things, that these defendants had discriminated against him by refusing to permit him to participate as a candidate in the Board's elections. The trial courts dismissed all three of these complaints, with the last dismissal occurring in April 2015.

In April 2018, plaintiff filed a fourth complaint against the Troy Towers defendants, raising claims that were identical to those that were litigated and decided in the prior litigation. Plaintiff also alleged that Legg, while acting as a municipal prosecutor, discriminated against him on the basis of his race by prosecuting him for an alleged violation of a no-contact order a court had entered between plaintiff and one of the Board members.

The Troy Towers defendants filed a motion to dismiss the portions of the complaint pertaining to them. After plaintiff failed to respond to the complaint,

3

the trial judge granted the motion on June 22, 2018, and dismissed plaintiff's complaint against the Troy Towers defendants with prejudice. In so ruling, the judge explained, "This unopposed motion is granted as it appears that these very same issues although involving different years, were already litigated and the other counts do not state a cause of action."

Plaintiff filed a motion for reconsideration of the June 22, 2018 order. Following oral argument, the same denied the motion in an order issued on September 7, 2018. "A motion for reconsideration is designed to seek review of an order based on the evidence before the court on the initial motion, R. 1:7-4, not to serve as a vehicle to introduce a new evidence in order to cure an inadequacy in the motion record." Capital Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008) (citing Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996)). Thus, reconsideration should only be granted in those cases in which the court had based its decision "upon a palpably incorrect or irrational basis," or did not "consider, or failed to appreciate the significance of probative, competent evidence." Granata v. Broderick, 446 N.J. Super. 449, 468 (App. Div. 2016) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).

4

Applying these standards, the judge explained in his thorough oral decision that plaintiff failed to demonstrate that the dismissal of his complaint was premised "upon a palpably incorrect or irrational basis," or that the court failed to consider the evidence and legal arguments he presented.  Instead, plaintiff simply repeated the identical arguments he raised in the prior proceedings, which had all already been dismissed.

Legg subsequently moved for summary judgment and sought to dismiss the portions of the complaint pertaining to him.  Legg argued that as a municipal prosecutor, he was entitled to qualified immunity for his actions in  prosecuting plaintiff for contempt of the no-contact order.  Following oral argument, a second judge granted Legg's motion and dismissed plaintiff's complaint with prejudice on March 15, 2019.

In his comprehensive written decision, the judge explained that the doctrine of qualified immunity shields government officials like Legg from liability for civil damages while they are performing discretionary functions, unless their conduct violates established statutory or constitutional rights "of which a reasonable person would have known.  Morillo v. Torres, 222 N.J. 104, 116 (2015) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982))."  Here, Legg

A-0319-18T1

was a municipal prosecutor and, in that position, the judge found he had "absolute discretion [in deciding] whether to bring charges" against plaintiff.

The judge further found that plaintiff failed to present any evidence that Legg violated his statutory or constitutional rights. The judge stated,

> [Legg] evaluated the alleged violations of the no-contact order, and decided that [p]laintiff's conduct was in violation of the no-contact order. The mere allegation of racial discrimination by [p]laintiff is not supported by evidence, and so it cannot be said [Legg] violated a clearly established statutory or constitutional right. Plaintiff simply cites articles to show white privilege and racial biases exist. Plaintiff cites to incidents before several [j]udges that have absolutely no bearing to the violation of the no-contact order and subsequent investigation only.
>
> The [c]ourt finds [Legg] is entitled to qualified immunity. Plaintiff cannot demonstrate objective bad faith and subjective bad faith.

This appeal followed.

On appeal, plaintiff raises the same arguments he unsuccessfully pressed before the trial court. Having considered these contentions in light of the record and the applicable law, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm the September 7, 2018 and March 15, 2019 orders substantially for the reasons set forth by the two judges in their respective decisions.

We add only the following comment. In his appellate brief, plaintiff alleges for the first time, without citing any competent evidence whatsoever, that one of the judges who presided over this matter was biased against him. Appellate courts review legal arguments addressed to claimed errors by trial courts. Criticism of trial judges who made rulings adverse to the party filing an appeal do not constitute proper appellate argument. A party's contention that a trial judge was unfair or biased "cannot be inferred from adverse rulings against a party." Strahan v. Strahan, 402 N.J. Super. 298, 318 (App. Div. 2008).

Based on our review of the appellate record, we conclude that both judges accorded plaintiff a full opportunity to present evidence and arguments in support of his claims. Each judge treated plaintiff in a respectful and professional manner throughout the proceedings before them. Therefore, we reject plaintiff's unsupported contentions to the contrary.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0319-18T1