**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4170-18T1

GREGORY JON JURCZAK,

     Plaintiff-Appellant,

v.

LORI ANN PULEO, f/k/a
LORI ANN JURCZAK,

     Defendant-Respondent.

_____

Submitted September 14, 2020 – Decided January 29, 2021

Before Judges Hoffman and Suter.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FM-14-0512-11.

Laufer, Dalena, Jensen, Bradley, & Doran, LLC, attorneys for appellant (Mario N. Delmonaco, on the briefs).

Townsend, Tomaio & Newmark, LLC, attorneys for respondent (Angela V. Tafro, on the brief).

PER CURIAM

Plaintiff Gregory Jon Jurczak appeals the October 24, 2018 Family Part order enforcing a Marital Settlement Agreement (MSA) between himself and defendant Lori Ann Puleo, and requiring him to pay $33,529 for unreimbursed childcare expenses for an au pair, out-of-pocket medical expenses, parent coordinator expenses, and extracurricular activity and cell phone expenses. He contends he did not violate the MSA or other post-judgment orders. He also appeals the December 10, 2018 order granting defendant's request for attorney's fees and the May 3, 2019 order denying his request for reconsideration of these orders. We affirm the Family Part orders, finding no abuse of discretion.

I.

Plaintiff and defendant were married in 2001 and have one child, Nancy,[1] who was born in 2007. Their Dual Judgment of Divorce was entered on August 9, 2011 and incorporated the MSA. Exhibit A of the MSA is the Final Order Fixing Custody and Parenting Time entered with the consent of the parties. They agreed under this order to share joint legal custody of Nancy. Defendant is the parent of primary residence (PPR). They agreed each was the first option for childcare in the event the other was not available "for any extended period."

---

[1] "Nancy" is a fictitious name intended to maintain her confidentiality. R. 1:38-3(d)(1).

Paragraph twenty-nine of the MSA addressed work related childcare. Both parties agreed "an au pair or nanny was appropriate . . . ." The cost was $200 per week plus a $7500 fee to the au pair agency. They agreed to share these costs by defendant paying fifty-eight percent and plaintiff paying forty-two percent.

More than fifteen post-judgment orders have been entered from 2012 to 2019, addressing issues the parties have raised in motions and orders to show cause about custody, parenting time, payment of expenses, who will provide childcare and who will pay.

In June 2018, defendant filed a motion requesting an order that plaintiff was in violation of the MSA and three other post-judgment orders. She alleged plaintiff failed to pay his portion of many expenses, including past and future expenses for an au pair. Defendant requested a judgment against plaintiff for unreimbursed expenses. She also requested reengagement of the parent coordinator after her services were terminated by plaintiff.

In defendant's supporting certification, she alleged plaintiff owed over $36,592.98 for unreimbursed expenses under the MSA and post-judgment orders. Defendant claimed plaintiff would not attend mediation and did not respond to repeated inquiries from her attorney about his nonpayment of

expenses. Defendant alleged her job responsibilities required her to have an au pair for "responsible, reliable childcare for [Nancy]." They have used several au pairs in the past. She incurred au pair expenses from 2013, and although she notified plaintiff, he has not paid his portion. Defendant also requested plaintiff's contribution to Nancy's extracurricular expenses, summer camp, uncovered medical expenses per the MSA and cell phone expenses per the January 7, 2016 order. She alleged plaintiff unilaterally terminated the parent coordinator contrary to their February 26, 2014 consent order. Defendant requested counsel fees and costs of $22,520.14 for her motion.

Plaintiff filed a cross-motion in response, seeking to hold defendant in violation of the MSA, the May 20, 2013 and the January 7, 2016 orders, and raising a number of issues including that the parties should be responsible for their own work-related childcare services. Plaintiff acknowledged terminating services of the parent coordinator. He denied he would not attend mediation. He denied he owed money to defendant for childcare. Plaintiff alleged defendant unilaterally hired a nanny despite other relatives who could assist with childcare. Plaintiff claimed they did not intend to continue an au pair once Nancy was in school full time.

A-4170-18T1

In her reply certification, defendant continued to allege that plaintiff did not pay the additional expenses required by the MSA. She explained why she needed an au pair, that plaintiff would no longer agree to an au pair and that he also objected to her aunt or mother providing childcare. She argued that plaintiff withheld consent for Nancy to attend certain health care providers.

The court's October 24, 2018 order enforced a February 26, 2014 order by requiring the parties to immediately re-engage the services of the parent coordinator because of the "toxicity" between the parties. The court denied plaintiff's request that the parties pay for their own work-related childcare. It enforced plaintiff's obligation to contribute forty-two percent of the au pair fees, finding he failed since 2014 to pay these fees.

The court found plaintiff was in violation of litigant's rights. There were "significant arrearages," demonstrating that plaintiff failed to comply with the MSA and court orders dated May 20, 2013, February 26, 2014, and January 7, 2016. The court rejected plaintiff's argument that the MSA "expired" or that any of the other orders cited by plaintiff and entered after the MSA relieved him of his obligations under the MSA to contribute to childcare. The court found plaintiff owed $35,821 for childcare and other unreimbursed expenses and reduced this to a judgment. The court rejected defendant's request for attorney's

fees for prior motions but would allow her to resubmit a certification for fees related just to this motion.

In November 2018, plaintiff requested reconsideration of the October 24, 2018 order. Plaintiff explained that defendant violated their May 2013 consent order by retaining an au pair without his approval. He objected to payment of her counsel fees because they were "inflated and unrelated" to the motion. Referencing the $35,821 in unreimbursed expenses, plaintiff claimed "[t]he monies that weren't paid resulted from [defendant's] noncompliance with the [May 2013 consent order]." Plaintiff acknowledged he terminated the services of the parent coordinator "because she was unprofessional and ineffectual in solving problems."

Defendant filed a cross-motion to enforce the October 24, 2018 order, arguing plaintiff was willfully in violation of its terms, and requested counsel fees. Defendant alleged she repeatedly asked plaintiff to pay his portion of the unreimbursed expenses. She claimed he unreasonably withheld consent on several issues including the selection and payment for an au pair.

On December 10, 2018, the Family Part judge awarded defendant $11,286.14 for attorney's fees and costs. The court considered factors under Rule 5:3-5 and Rule 4:42-9, finding it relevant that the fees were incurred to

enforce existing orders. However, the court reduced the award "to some degree" based on the parties' respective financial positions. The court also reviewed counsel's certification, finding some entries did not relate to this motion and subtracted those entries.

In February 2019, the court heard oral argument on plaintiff's motion for reconsideration and defendant's cross-motion. By order dated May 3, 2019, the Family Part judge denied plaintiff's motion, finding he did not show the court's decision was palpably incorrect or rested on an irrational basis. The court noted plaintiff's factual assertions and arguments were largely the same as in his original certification. Plaintiff did not highlight for the court what it had overlooked. The court determined the MSA is "binding and enforceable."

The court found the parties agreed to hire an au pair for work-related childcare. None of the prior orders cited by plaintiff relieved the parties of their obligation to pay for childcare.

The court found plaintiff willfully and intentionally failed to comply with the court's October 24, 2018 order. This finding was based on "numerous exchanges via text and email that indicate the [p]laintiff has taken positions that are unreasonable." However, the court reduced the amount of unreimbursed au

7

pair expenses to $33,529 by deducting monies paid to defendant's aunt for childcare.

The court explained it enforced the February 26, 2014 order about the parent coordinator based on the parties' difficulty in communication and coparenting. The court found a parent coordinator was in Nancy's best interest; it was not an arbitrary or capricious requirement.

The court denied defendant's request for attorney's fees without prejudice. The economic disparity between the parties did not favor this relief, fees were previously awarded to defendant, and plaintiff's motion for reconsideration "yielded [him] one small award."

Plaintiff appealed the order denying reconsideration. He has since amended his notice to appeal to include the underlying October 24, 2018 order and the December 10, 2018 order for attorney's fees.

On appeal, plaintiff raises these arguments:

> I. THE COURT IMPROPERLY GRANTED RESPONDENT RELIEF THAT WAS UNWARRANTED AND UNSUPPORTED BY ALL COURT ORDERS ISSUED SUBSEQUENT TO THE ENTRANCE OF THE PARTIES' MARITAL SETTLEMENT AGREEMENT ON AUGUST 9, 2011.
>
> II. THE COURT EXPRESSED ITS MAY 3, 2019 DECISION BASED UPON A PALPABLY INCORRECT AND IRRATIONAL BASIS, AND

FURTHER FAILED TO APPRECIATE THE SIGNIFICANCE OF PROBATIVE, COMPETENT EVIDENCE.

III. THE COURT IMPROPERLY GRANTED RESPONDENT'S REQUEST FOR COURT COSTS AND COUNSEL FEES AS THE COURT FAILED TO CONSIDER THE REQUIRED FACTORS SET FORTH IN [RULE] 4:42-9, AS WELL AS THOSE FACTORS SET FORTH IN N.J.S.A. 2A:34-23.

II.

We accord "great deference to discretionary decisions of Family Part judges," Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012) (citations omitted), in recognition of the "family courts' special jurisdiction and expertise in family matters . . . ." N.J. Div. of Youth & Family Servs. v. M.C. III, 201 N.J. 328, 343 (2010) (quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998)). "The general rule is that findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Cesare, 154 N.J. at 411-12 (citing Rova Farms Resort, Inc. v. Invs. Ins. Co., 65 N.J. 474, 484 (1974)). We "should not disturb the 'factual findings and legal conclusions of the trial judge unless [we are] convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Id. at 412 (quoting Rova, 65 N.J. at 484). However, "[a] trial court's interpretation of the law and the legal

consequences that flow from established facts are not entitled to any special deference." Hitesman v. Bridgeway, Inc., 218 N.J. 8, 26 (2014) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

A.

Plaintiff argues that paragraphs twelve through sixteen of the court's October 24, 2018 order should be vacated because the parties have not agreed on an au pair who satisfies the guidelines in the court's May 20, 2013 order. He argues defendant's June 25, 2018 certification did not bring to the court's attention relevant portions of other court orders, which then mislead the court into thinking he did not comply with the MSA. Plaintiff argues that without agreement, childcare is to be provided by maternal and paternal family members.

Plaintiff claims defendant failed to include the court's August 15, 2013 order that did not permit defendant to unilaterally retain the au pair. He also contends he should not have to pay attorney's fees because he complied with court orders.

We find no abuse of discretion by the Family Part judge because his decisions were supported by substantial, credible evidence in the record. The trial court very clearly considered all of the prior orders, the evidence in the

record and heard from the parties before making its decision.  With respect to the au pair, the trial court's October 24, 2018 and May 3, 2019 orders found that plaintiff "refused to meet a substantial number of his obligations under the MSA and various post-judgment orders."  Although defendant tried mediation and other efforts to resolve their disputes, the trial court found "plaintiff did not intend to compromise with the [d]efendant, nor comply with the MSA or any subsequent orders with regard to the childcare provider expenses."  The record in this case, having been carefully reviewed, fully bears out the trial court's conclusions.

Moreover, although plaintiff cites to various orders in the record, we agree that there was no abuse by the trial court as none of the orders vacated the MSA's requirement that plaintiff pay forty-two percent of the childcare costs and that their standard during the marriage was to use an au pair.

B.

Plaintiff contends the Family Part judge abused his discretion by denying plaintiff's motion for reconsideration.  According to plaintiff, the May 3, 2019 order was based "on the incorrect belief and assumption that the parties had mutually agreed upon, and hired an au pair or rematch au pair" in June 2014. Defendant argues that had the court reviewed the February 22, 2019 transcript,

11

it would have been clear they had not agreed on an au pair, and that defendant could not unilaterally hire one based on the court's August 15, 2013 order.

Plaintiff argues the orders entered after the 2011 MSA "obviate" his payment toward childcare costs because they were to use relatives for childcare. He contends nothing in paragraph twenty-nine of the MSA allows any party to unilaterally decide who would be the au pair. Plaintiff argues he terminated the parent coordinator within the terms of the February 26, 2014 consent order and that these costs were unnecessary because the service provided was ineffective.

"[T]he decision to grant or deny a motion for reconsideration rests within the sound discretion of the trial court." Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (citing Capital Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008)). Reconsideration should only be used for those cases which fall into that narrow corridor in which either: "1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Ibid. (alterations in original) (quoting Asterbadi, 398 N.J. Super. at 310). "[A] trial court's reconsideration decision will be left undisturbed unless it represents a clear abuse of discretion." Ibid.

A-4170-18T1

The Family Part judge did not abuse his discretion in denying reconsideration. The record does not support plaintiff's arguments that the challenged orders were palpably incorrect or irrational. The trial court found previously that plaintiff did not intend to compromise with defendant. Nothing in the record shows plaintiff would agree with defendant on childcare. In his reconsideration motion, plaintiff did not provide new evidence or point out what the court did not consider. Instead, plaintiff simply raised the same issues, arguing with the court that its decision was made in error. As the trial court held "[a] motion for reconsideration is not a mechanism for unhappy litigants to attempt once more to air their positions and re-litigate issues already decided." This does not satisfy the standard for reconsideration. The trial court was correct in denying plaintiff's motion.

## C.

Plaintiff contends the court erred by awarding attorney's fees to defendant. Plaintiff argues he did not violate the MSA or court orders. Rather, it is defendant who engaged in self-help by unilaterally hiring an au pair contrary to the May 30, 2013 order.

We will not reverse a decision regarding counsel fees "absent a showing of an abuse of discretion involving a clear error in judgment." Tannen v.

13

Tannen, 416 N.J. Super. 248, 285 (App. Div. 2010). An application for counsel fees must be supported by a certification of the attorney's services. R. 4:42-9(b). "[T]he party seeking to be awarded attorneys' fees ordinarily bears the burden of proving that they are reasonable, and . . . contractual fee-shifting provisions are strictly construed . . . ." Green v. Morgan Props., 215 N.J. 431, 455 (2013); McGuire v. City of Jersey City, 125 N.J. 310, 326-27 (1991) (noting that contractual fee-shifting provisions are strictly construed). In evaluating whether to award fees, the trial court is to assess factors set forth in Rule 5:3-5(c).

The record does not support an abuse of discretion. The court considered the factors set forth in Rule 5:3-5(c) and Rule 4:42-9 in awarding fees against plaintiff to enforce existing orders, but reduced them to take into consideration plaintiff's financial position and that he had prevailed on a small issue. It then declined to award other fees on reconsideration.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4170-18T1