**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2504-19

MAPLE HEALTH & WELLNESS
CENTER, LLC, DR. KEITH
RADBILL PAIN MANAGEMENT,
LLC and PRAXIS HCS, INC.,

    Plaintiffs-Appellants,

v.

MARRAFFA & ASSOCIATES, INC.,

    Defendant-Respondent,

and

ROBERT D. MARRAFFA,

    Defendant.

_____

Submitted March 15, 2021 – Decided May 6, 2021

Before Judges Gooden Brown and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-4276-17.

Lento Law Group, PC, and Rook Elizabeth Ringer (Lento Law Group, PC) of the Florida bar, admitted pro

hac vice, attorneys for appellant (Joseph D. Lento and Rook Elizabeth Ringer, on the briefs).

Siciliano & Associates, LLC, attorneys for respondent (John J. Van Dyken, on the brief).

PER CURIAM

Plaintiff Praxis HCS, Inc. (Praxis) appeals from the December 6, 2019 order of the Law Division granting summary judgment to defendant Marraffa & Associates, Inc. (Marraffa) and dismissing Praxis's claims for lack of standing, as well as the court's January 10, 2020 order denying Praxis's motion for reconsideration. We affirm the January 10, 2020 order and dismiss the appeal of the December 6, 2019 order.

I.

The following facts are derived from the record. On February 1, 2012, plaintiff Maple Health & Wellness Center, LLC (Maple Health), a healthcare provider, entered into a contract with Marraffa for client billing and collections (the Contract).[1]

---

[1] On November 11, 2013, Marraffa entered into a similar agreement with physician Keith Radbill. Dr. Radbill was a principal in plaintiff Dr. Keith Radbill Pain Management, LLC (Radbill, LLC), which, apparently, became a successor party to the agreement with Marraffa. Ultimately, Radbill, LLC voluntarily dismissed its claims against Marraffa without prejudice.

On November 9, 2015, Praxis purchased Maple Health. On April 14, 2017, Praxis transferred all of its assets to Praxis Rehab of NJ, Inc. (Praxis Rehab).

On November 3, 2017, a complaint was filed in the Law Division against Marraffa alleging breach of the Contract, consumer fraud, breach of the duty of good faith and fair dealing, and breach of fiduciary duty. The complaint names as plaintiffs Maple Health and Praxis HCS, LLC. It later became clear that there is no entity named Praxis HCS, LLC.[2]

On October 1, 2019, after the close of discovery and on the eve of trial, the trial court held a conference with counsel. The parties provide divergent accounts of what transpired at the conference. Marraffa claims that at least a portion of the conference was held in court and "should have been recorded," but Praxis failed to file a copy of a transcript of the proceeding.

In the absence of a transcript, we are limited to a recitation of the parties' accounts of the proceeding. According to Praxis, the trial court sua sponte raised the question of whether Praxis HCS, LLC, the party named in the complaint,

---

[2] The complaint also names as defendant Robert D. Marraffa, a principal of Marraffa. In its brief, Praxis states that Mr. Marraffa died after the filing of the complaint and its claims against him have been abandoned.

A-2504-19

had standing to raise claims under the Contract and reopened discovery to permit Marraffa to explore that issue.

Marraffa, on the other hand, represents that at the conference Praxis waived its right to a jury trial. According to Marraffa, the judge, in an effort to ensure that all of the plaintiffs agreed to the waiver, asked a corporate representative of Praxis if he consented to the wavier. When the judge asked whether any corporate representatives were present for the other plaintiffs, he was informed that the other plaintiffs had been purchased by Praxis. The ensuing discussion, according to Marraffa, revealed that Praxis HCS, LLC is not an entity and that Praxis had been purchased by Praxis Rehab prior to the filing of the complaint. Marraffa's version of events is supported by summary remarks by the trial court in a January 10, 2020 transcript relating to a subsequent motion.

The conference resulted in the entry of an October 1, 2019 consent order requiring Praxis to produce a copy of the purchase agreement between Praxis and Maple Health, all written agreements between Praxis and Praxis Rehab, and the corporate formation documents of each of the plaintiffs.

On October 29, 2019, the trial court granted Praxis's motion to reconsider the October 1, 2019 order. The court vacated the October 1, 2019 order and amended the complaint to name Praxis in place of Praxis HCS, LLC as a

4

plaintiff. Although the October 1, 2019 order states that the court put its findings of fact and conclusions of law on the record, Praxis did not file a copy of a transcript of the court's decision. We, therefore, do not know the basis of the court's decision.

Marraffa subsequently moved for summary judgment, arguing that Praxis lacked standing to pursue the claims asserted in the complaint. Marraffa argued that Praxis sold its interest in the Contract prior to the filing of the complaint and had no stake in the outcome of the suit against Marraffa.

On December 6, 2019, the trial court granted Marraffa's motion and dismissed the complaint as to the claims raised by Praxis. Although the December 6, 2019 order granting the motion states that the court placed its findings of fact and conclusions of law on the record, Praxis did not file a copy of a transcript of the court's decision. As a result, we cannot discern the reasons for the court's decision. Also on December 6, 2019, Maple Health consented to the dismissal of its claims against Marraffa without prejudice.[3]

In its brief, Praxis states that on December 6, 2019, the trial court "orally stated that the Appellants should fix the corporate registration issue and then file

_____

[3] The trial court's December 6, 2019 order refers to Praxis HCS, LLC, not Praxis. Because the court previously substituted Praxis for Praxis HCS, LLC as a plaintiff, we consider this to be a scrivener's error.

A-2504-19

a motion for reconsideration."  In support of this representation, Praxis cites only to the court's December 6, 2019 order.  That order, however, contains no such statement.  We disregard Praxis's representation because it has no support in the record.  See R. 2:6-2(a)(5) (requiring appellant's brief to contain "[a] concise statement of the facts material to the issues on appeal supported by references to the appendix and transcript.").

Praxis subsequently moved for reconsideration of the December 6, 2019 order.[4]  It appears that the basis of Praxis's motion was that the complaint had been dismissed because Praxis, a Wyoming corporation, had not obtained a certificate of authority in compliance with N.J.S.A. 14A:13-11, and, as a result, could not maintain its suit against Marraffa.  Praxis argued that it cured that defect.  In addition, in response to a contention raised in Marraffa's opposition brief on the motion, Praxis argued that it filed business activity reports and paid all taxes, interest, and civil penalties for the years it was conducting business in this State as a foreign corporation without a certificate of authority in compliance with N.J.S.A. 14A:13-20(c).

---

[4] Praxis's notice of motion states that the motion was filed on behalf of Praxis HCS, LLC, which had previously been removed as a plaintiff, and Maple Health, which had previously voluntarily dismissed its claims.  We presume the motion for reconsideration was intended to be filed on behalf of Praxis.

However, in its January 10, 2020 oral decision denying the motion for reconsideration, the trial court summarized its December 6, 2019 decision granting summary judgment as follows:

> there [were] a lot of legal issues that were argued but in essence the case was dismissed for one substantial reason . . . [a]nd that was the lack of standing . . . . [T]here was no proof that – Praxis in any form had a signed agreement or contract that they had taken over the rights and liabilities and that they were entitled to proceed to collect . . . these debts.
>
> Now there [were] some side issues that were discussed but the bottom line is . . . that was the real ruling that dismissed this case.

On that point, the court found that Praxis was precluded from producing any documents not previously produced in discovery or in opposition to the summary judgment motion relevant to the issue of whether it had retained rights under the Contract after its assets were sold to Praxis Rehab.

With respect to Praxis's compliance with N.J.S.A. 14A:13-11 and N.J.S.A. 14A:13-20(c), the court concluded that Praxis had not fulfilled the requirements of the statutes to permit its suit to be reinstated, even if it had standing to file suit under the Contract.

This appeal followed. Praxis argues the trial court erred when it: (1) sua sponte raised the question of whether Praxis had standing to pursue its claims

against Marraffa; (2) reopened discovery on the standing question in the absence of exceptional circumstances; (3) dismissed Praxis's claims; and (4) denied reconsideration of its December 6, 2019 order.[5] Marraffa argues that the appeal should be dismissed because Praxis failed to file the transcripts of the October 1, 2019 conference and the court's December 6, 2019 oral decision.

## II.

Rule 2:5-3(a)(1) provides that

> if a verbatim record was made of the proceedings before the court . . . from which the appeal is taken, the appellant shall, no later than the time of the filing and service of the notice of appeal, serve a request for the preparation of an original and copy of the transcript . . . upon the reporter who recorded the proceedings and upon the reporter supervisor for the county if the appeal is from a judgment of the Superior Court . . . .

"Except if abbreviated pursuant to R. 2:5-3(c), the transcript shall include the entire proceedings in the court . . . from which the appeal is taken . . . ." R. 2:5-3(b) (emphasis added). Rule 2:5-3(c) allows for the abbreviation of the transcript by consent or order of the trial court. That did not happen here. An appellant's failure to provide the complete transcript of the trial court's

---

[5] Despite the voluntary dismissal of the claims in the trial court, Maple Health and Radbill, LLC are listed as appealing parties in the amended notice of appeal and on the briefs. It is not clear if those parties are seeking reinstatement of their claims.

8

proceedings may result in dismissal of the appeal. Cipala v. Lincoln Tech. Inst., 179 N.J. 45, 55 (2004).

Praxis's amended case information statement indicates that it is appealing the December 6, 2019 and January 10, 2020 orders. Both orders were entered after the court issued an oral decision setting forth its findings of fact and conclusions of law. Praxis, however, filed only the transcript of the January 10, 2020 decision. We cannot review the December 6, 2019 order in the absence of the trial court's decision. Dismissal of Praxis's appeal of the December 6, 2019 order is, therefore, warranted.

While Praxis filed the transcript of the court's January 10, 2020 oral opinion, our review of the January 10, 2020 order is hampered by the absence of the December 6, 2019 transcript. Rule 4:49-2 provides:

> Except as otherwise provided by R. 1:13-1 (clerical errors) a motion for rehearing or reconsideration seeking to alter or amend a judgment or order shall . . . state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred, and shall have annexed thereto a copy of the judgment or order sought to be reconsidered and a copy of the court's corresponding written opinion, if any.

"A motion for reconsideration . . . is a matter left to the trial court's sound discretion." Lee v. Brown, 232 N.J. 114, 126 (2018) (quoting Guido v. Duane

Morris, LLP, 202 N.J. 79, 87 (2010)); see also Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). A party may move for reconsideration of a court's decision pursuant to Rule 4:49-2, on the grounds that (1) the court based its decision on "a palpably incorrect or irrational basis," (2) the court either failed to consider or "appreciate the significance of probative, competent evidence[,]" or (3) the moving party is presenting "new or additional information . . . which it could not have provided on the first application . . . ." Cummings, 295 N.J. Super. at 384 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)).

The moving party must "initially demonstrate that the [c]ourt acted in an arbitrary, capricious, or unreasonable manner, before the [c]ourt should engage in the actual reconsideration process." D'Atria, 242 N.J. Super. at 401. A motion for reconsideration is not an opportunity to "expand the record and reargue a motion." Capital Fin. Co. of Del. Valley v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008). "[It] is designed to seek review of an order based on the evidence before the court on the initial motion, . . . not to serve as a vehicle to introduce new evidence in order to cure an inadequacy in the motion record." Ibid. (citation omitted).

A-2504-19

As far as we can discern from the January 10, 2020 transcript, the trial court concluded that Praxis did not demonstrate that the court previously overlooked evidence that Praxis retained the right to pursue its claims against Marraffa after it sold its assets to Praxis Rehab. The court's decision appears to have been based on an attempt by Praxis to submit evidence that it did not produce in discovery or file in opposition to the summary judgment motion.

In addition, the trial court concluded that even if Praxis had retained its right to pursue its claims against Marraffa, it did not establish that it had timely complied with the certificate of authority requirement of N.J.S.A. 14A:13-11 or that it should be permitted to pursue its claims against Marraffa because it had satisfied the requirements of N.J.S.A. 14A:13-20(c)(1) and (2) (authorizing a court to excuse a foreign corporation's failure to file a business activities report and allow it to maintain a legal action where "the failure to file a timely report was done in ignorance of the requirement to file[,]" "was reasonable in all circumstances[,]" and "all taxes, interest and civil penalties due the State for all periods have been paid, or provided for by adequate security or bond approved"

by the Director, Division of Taxation).  Our careful review of the record reveals no basis on which to reverse the court's January 10, 2020 order.[6]

The appeal of the December 6, 2019 order is dismissed.  The January 6, 2020 order is affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[6]  We note that Praxis's brief contains numerous citations to unpublished opinions of this court and other courts.  None of those citations comports with Rule 1:36-3, which provides that "[n]o unpublished opinion shall be cited to any court by counsel unless the court and all parties are served with a copy of the opinion and all contrary unpublished opinions known to counsel."  Given Praxis's failure to follow the court rules, and because they are not precedential, we do not consider any of the unpublished opinions cited by Praxis.  In addition, Praxis's brief contains several citations to "N.J. R.A.R." followed by numbers.  From context, we consider these citations to be to the Rules Governing the Courts of New Jersey.

A-2504-19