**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0854-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

FUQUAN KHALIF, a/k/a
FUQUAN KAHALIF, and
ALFRED WALKER,

    Defendant-Appellant.

_____

Submitted February 12, 2024 – Decided February 29, 2024

Before Judges DeAlmeida and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 91-01-0437.

Fuquan Khalif, appellant pro se.

Theordore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Lucille M. Rosano, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Fuquan Khalif appeals from the April 1, 2022 order of the Law Division denying his motion to correct an illegal sentence and the August 3, 2022 order denying his motion for reconsideration of the April 1, 2022 order. We affirm.

## I.

In 1991, defendant was charged in an eighteen-count indictment arising from the murder of his cousin and attempted murder of her fiancé, both of whom he shot in the head. A jury convicted defendant of fourteen counts, the most serious of which were felony murder, aggravated manslaughter, and attempted murder. The trial court sentenced defendant to an aggregate term of life imprisonment, plus forty years, with a fifty-year-period of parole ineligibility.[1]

We affirmed defendant's conviction and sentence, rejecting his argument that the trial court misapplied State v. Yarbough, 100 N.J. 627 (1985), at sentencing. State v. Kahalif, No. A-0553-92 (App. Div. Jan. 23, 1995).[2] We remanded with directions to the trial court to make corrections to defendant's judgment of conviction that did not affect his aggregate sentence. Ibid. The

---

[1] This was defendant's second murder conviction. In 1978, he pled guilty to second-degree murder.

[2] Defendant's name is spelled Kahalif in opinions issued on his direct appeal.

A-0854-22

Supreme Court denied defendant's petition for certification. State v. Kahalif, 140 N.J. 327 (1995).

Defendant subsequently filed five petitions for post-conviction relief (PCR). He filed his first PCR petition on December 26, 1995, alleging he was denied effective assistance of trial and appellate counsel. The trial court denied the petition after holding an evidentiary hearing. We affirmed. State v. Khalif, No. A-2286-97 (App. Div. Oct. 29, 1999). The Supreme Court denied certification. State v. Khalif, 163 N.J. 76 (2000).

On June 5, 2000, defendant filed his second PCR petition, alleging ineffective assistance of counsel. The trial court, finding defendant's claims to be "wholly frivolous," denied the petition. We affirmed. State v. Khalif, No. A-1201-00 (App. Div. Oct. 15, 2001). The Supreme Court denied certification. State v. Khalif, 171 N.J. 44 (2002).

Defendant filed his third PCR petition along with a motion to correct an illegal sentence on May 21, 2007. He alleged it was unconstitutional for the trial court to impose an extended sentence without a jury finding that an extended sentence was warranted. The trial court denied the petition and motion, concluding that the issues he asserted had been previously raised and rejected in his direct appeal. We affirmed. State v. Khalif, No. A-0487-07 (App.

3

Div. Apr. 6, 2009). The Supreme Court denied certification. State v. Khalif, 199 N.J. 543 (2009).

On August 20, 2009, defendant filed a fourth PCR petition. The trial court denied the petition as time barred because it was filed beyond the five-year period established in R. 3:22-12(a). We affirmed. State v. Khalif, No. A-3362-09 (App. Div. Feb. 8, 2011). The Supreme Court denied certification. State v. Khalif, 207 N.J. 35 (2011).

Defendant filed a fifth PCR petition on January 2, 2013. He alleged ineffective assistance of counsel with respect to his first and second PCR petitions. The trial court denied defendant's fifth PCR petition because it was time barred, procedurally barred, and otherwise frivolous. We affirmed. State v. Khalif, No. A-4158-12 (App. Div. Nov. 13, 2014).[3]

Defendant also filed four motions to correct an illegal sentence. The trial court denied the first on February 25, 2015, because defendant's claims were previously adjudicated in his direct appeal and raised in prior PCR petitions. We affirmed. State v. Khalif, No. A-3668-14 (App. Div. June 28, 2017). The Supreme Court denied certification. State v. Khalif, 232 N.J. 51 (2018).

---

[3] On July 2, 2002, defendant filed a petition for a writ of habeas corpus in the United States District Court. On September 28, 2005, the District Court denied the petition. Khalif v. Hendricks, Civ. No. 02-3193 (D.N.J. Sept. 28, 2005).

A-0854-22

On April 11, 2018, the trial court denied defendant's second motion to correct an illegal sentence because the claims he raised were previously adjudicated. Defendant did not appeal that decision.

On July 19, 2018, the trial court denied defendant's third motion to correct an illegal sentence because his claims were previously adjudicated and were substantively meritless. We affirmed. State v. Khalif, No. A-5513-17 (App. Div. Aug. 26, 2019). The Supreme Court denied certification. State v. Khalif, 241 N.J. 142 (2020).

Defendant filed his fourth motion to correct an illegal sentence, which gave rise to this appeal, on June 10, 2020. He amended his motion on December 28, 2020.

On April 1, 2022, Judge Harold W. Fullilove, Jr., issued a written opinion denying defendant's motion. The judge found that defendant's motion was procedurally deficient because it did not include our 1995 opinion remanding to the trial court for correction of the original judgment of conviction, the transcript of his resentencing proceeding, or his current judgment of conviction. In addition, the court concluded that the validity of defendant's sentence had been affirmed and reaffirmed repeatedly over a period of twenty-seven years. An April 1, 2022 order memorializes the judge's decision.

A-0854-22

Defendant subsequently moved for reconsideration. He included some, but not all, of the documents Judge Fullilove previously found were missing from his motion. In an August 3, 2022 written opinion, the judge denied defendant's motion for reconsideration. The judge concluded that the motion record remained incomplete, and defendant's repetition of his prior legal arguments did not warrant reconsideration of the April 1, 2022 order.

This appeal followed. Defendant raises the following arguments.

> POINT I
>
> THE SUPERIOR COURT JUDGE COMMITTED "HARMFUL ERROR" BY (1) "IMPROPERLY DISCERNING RULE 3:21-10(c); "ERRONEOUSLY ACCUSING DEFENDANT OF DEFICIENCY," AND (2) "APPLYING A RULE TO DEFENDANT["] NOT PURSUANT TO R. 3:21-10(b) OR (c). VIOLATING HIS XIV AMENDMENT (SIC).
>
> POINT II
>
> AFTER "REVIEWING MATERIAL," AS PRESCRIBED IN R. 3:21-10(c), THE COURT THEN ACKNOWLEDGES THAT THERE IS A "YARBOUGH, CLAIM," YET, NEVER ARTICULATED BY THE COURT AN "OVERALL FAIRNESS" OF A [FIFTY-EIGHT] YEAR STIP, NEVER ASSESSED. VIOLATING DUE PROCESS UNDER THE XIV AMENDMENT.

II.

A motion to correct an illegal sentence may be filed at any time. R. 3:21-10(b)(5); State v. Schubert, 212 N.J. 295, 309 (2012). An illegal sentence "exceed[s] the penalties authorized by statute for a specific offense." State v. Murray, 162 N.J. 240, 246 (2000). "A sentence may also be illegal because it was not imposed in accordance with law. This category includes sentences that, although not in excess of the statutory maximum penalty," are not authorized by statute. Id. at 247. "In addition, a sentence may not be in accordance with law because it fails to satisfy required presentencing conditions" or "include a legislatively mandated term of parole ineligibility." Ibid. We review de novo the trial court's finding that a sentence is legal. Schubert, 212 N.J. at 303-04.

In addition, Rule 4:49-2 provides:

> Except as otherwise provided by R. 1:13-1 (clerical errors) a motion for rehearing or reconsideration seeking to alter or amend a judgment or final order shall . . . state with specificity the basis on which it is made, including a statement of the matters or controlling decisions that counsel believes the court has overlooked or as to which it has erred, and shall have annexed thereto a copy of the judgment or final order sought to be reconsidered and a copy of the court's corresponding written opinion, if any.

"A motion for reconsideration . . . is a matter left to the trial court's sound discretion." Lee v. Brown, 232 N.J. 114, 126 (2018) (quoting Guido v. Duane

7

Morris, LLP, 202 N.J. 79, 87 (2010)); see also Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). A party may move for reconsideration of a court's decision pursuant to Rule 4:49-2, on the grounds that (1) the court based its decision on "a palpably incorrect or irrational basis," (2) the court either failed to consider or "appreciate the significance of probative, competent evidence," or (3) the moving party is presenting "new or additional information . . . which it could not have provided on the first application." Cummings, 295 N.J. Super. at 384 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)). The moving party must "initially demonstrate that the [c]ourt acted in an arbitrary, capricious, or unreasonable manner, before the [c]ourt should engage in the actual reconsideration process." D'Atria, 242 N.J. Super. at 401. A motion for reconsideration is not an opportunity to "expand the record and reargue a motion. . . . [It] is designed to seek review of an order based on the evidence before the court on the initial motion, . . . not to serve as a vehicle to introduce new evidence in order to cure an inadequacy in the motion record." Capital Fin. Co. of Del. Valley v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008).

We have carefully reviewed the record in light of these legal principles and agree with Judge Fullilove's conclusion that defendant is not entitled to

relief. Even if defendant submitted all of the documents supporting his claim that he received an illegal sentence, the validity of his sentence was raised in his direct appeal, repeated in a series of PCR petitions, and reiterated in a subsequent series of motions to correct an illegal sentence. Defendant's substantive challenges to his sentence were rejected by every court to adjudicate them. It has long since been decided by the courts that defendant received a fair and lawful sentence for the brutal, senseless murder of his cousin and the equally pointless attempted murder of her fiancé. Judge Fullilove correctly denied both of defendant's motions.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0854-22